IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  11-cv-01012-WYD-KLM

CGC HOLDING COMPANY, LLC, a Colorado limited liability company;
CRESCENT SOUND YACHT CLUB, LLC, a Florida limited liability company;
HARLEM ALGONQUIN LLC, an Illinois limited liability company; and
JAMES T. MEDICK;
on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

SANDY HUTCHENS, a/k/a Fred Hayes, a/k/a Moishe Alexander, a/k/a Moshe Ben Avraham;
TANYA HUTCHENS;
JENNIFER HUTCHENS, a/k/a Jennifer Araujo;
CANADIAN FUNDING CORPORATION; an Ontario corporation;
308 ELGIN STREET INC., an Ontario corporation;
FIRST CENTRAL MORTGAGE FUNDING INC., an Ontario corporation;
FIRST CENTRAL HOLDINGS INC., an Ontario corporation;
BARRY J. POULSON;
ARSENAU POULSON, a partnership;
ALVIN MEISELS;
BLANEY McMURTRY LLP, an Ontario limited liability partnership;
REZNICK, PARSONS, MEISELS, TABERNER, a partnership;
RONALD GACHE;
BROAD AND CASSEL, a partnership
H. JAN LUISTERMANS, a/k/a Herman Luisterman;
REALTY 1 REAL ESTATE SERVICES LTD, an Ontario corporation; and
DOE LIMITED 1 – 100,

    Defendants.

**ORDER**

    THIS MATTER is before the Court on a review of the file.  As indicated in my

Minute Order of May 16, 2011, my Chambers was previously advised by Plaintiffs'

counsel that service of the Defendants was accomplished. Accordingly, I ordered counsel to meet and confer regarding the filing of a motion for preliminary injunction and to file a briefing schedule by Friday, May 20, 2011. Counsel were also ordered to jointly contact my Chambers to set a hearing on the preliminary injunction motion. Thereafter, on May 19, 2011, Plaintiffs' counsel filed proofs of service with the Court as to many of the Defendants.

On May 19, 2011, Defendants Sandy Hutchens, Tanya Hutchens, Jennifer Hutchens, Canadian Funding Corporation, 308 Elgin Street Inc., First Central Mortgage Funding Inc., and First Central Holdings Inc. [collectively, the "Hutchens Defendants"] filed an Objection to Setting a Proposed Briefing Schedule and Preliminary Injunction Hearing. The Hutchens Defendants assert therein that the representation by Plaintiffs' counsel that all Defendants have been served is incorrect as a matter of fact and law. They argue, instead, that only Tanya Hutchens has been served and that purported service was not proper under the provisions of Fed. R. Civ. P. 4(f)(1) and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. The Hutchens Defendants also contend that Plaintiffs' purported service on May 18, 2011 of Sandy Hutchens and the four corporate entities is not proper for the same reasons, and that Jennifer Hutchens has not been served.

Ultimately, the Hutchens Defendants object to the setting of any briefing schedule or preliminary injunction hearing unless and until Plaintiffs effect proper service of process. Further, they assert that Defendants intend to file motions under Fed. R. Civ. P. 12(b)(2) challenging personal jurisdiction, and that Defendants prefer that this Court hear challenges to personal jurisdiction at the outset of this litigation and

on a consistent schedule for all Defendants.  The Hutchens Defendants propose that motions to dismiss for insufficient service of process be filed 21 days from May 20, 2011, if Plaintiffs do not withdraw their previously filed returns of service.  They ask for an evidentiary hearing and state that this challenge necessarily must be resolved before all others.  They also ask that the court set a briefing schedule for the filing of motions to dismiss for lack of personal jurisdiction and state that Defendants will request an evidentiary hearing on this issue.  Finally, they assert that motions to dismiss under the doctrines of discretionary abstention and international comity in favor of the parallel litigation already pending in Ontario be filed after the jurisdictional motions, followed by a renewed motion for a preliminary injunction by Plaintiffs, motions for a RICO statement, and motions to dismiss for failure to state a claim.

On May 20, 2011, Plaintiffs responded to the Hutchens Defendants' Objections by filing a Status Report and Proposed Briefing Schedule of their own.  Plaintiffs assert therein that all Defendants with the exception of Jennifer Hutchens and Realty 1 Real Estate Services Ltd. ["Realty 1"] have been served[1] and that service is proper, and request that the Court set a hearing before June 29, 2011 on Plaintiffs' pending Motion to Freeze Assets which requested both a TRO and preliminary injunction hearing. Plaintiffs contend that if the Hutchens Defendants follow through on their intent to file the series of motions to dismiss they have enumerated, it will be months before this case is at issue.  And, in the meantime, they argue that Defendants' refusal to cooperate in setting a hearing on a motion for a preliminary injunction is untenable.

---

[1] Plaintiffs later filed Proof of Service as to Realty 1 on June 2, 2011.

Plaintiffs propose the supplementation of their previously filed Motion to Freeze Assets with the names of any entities which are identified in the complaint as "Doe Limited 1 –100" and with the identification of properties titled in the names of any of the Defendants not later than Tuesday, May 24, 2011. They further propose that the Hutchins Defendants file their response to the Motion to Freeze Assets, as supplemented, not later than June 8, 2011, and that the reply be filed no later than June 18, 2011 or ten days prior to the hearing on the Plaintiffs' request for a preliminary injunction, whichever is earlier. Plaintiff requests that the Court hold a one-day hearing on Plaintiffs' request for a preliminary injunction on or prior to June 29, 2011. Finally, Plaintiff requests that any motions to dismiss filed by the Hutchens Defendants be referred to Magistrate Judge Mix.

I find that both parties' schedules as suggested are untenable. Instead, I find that motions to dismiss for lack of service, lack of personal jurisdiction, or on discretionary abstention/international comity grounds should be filed simultaneously with Plaintiff's supplement to the Motion to Freeze Assets. That provides the Court the opportunity to address motions impacting whether this case is ready to proceed, whether this is the proper court to hear the case and whether there is personal jurisdiction over the Defendants while also accommodating Plaintiffs' request that the preliminary injunction be heard in a timely manner.

The above enumerated motions to dismiss and Plaintiffs' supplement to the Motion to Freeze Assets as it relates to their request for a preliminary injunction shall be

-4-

filed by Thursday, June 30, 2011.  Responses are due by Thursday, July 21, 2011, and replies are due by Friday, August 5, 2011.

The motions to dismiss will not be referred to Magistrate Judge Mix, as requested by Plaintiffs.  Instead, I will set a one-day hearing on the motions and Plaintiffs' supplement once they are filed and I have had an opportunity to review them.  At the hearing, I will first hear argument on the motions to dismiss and, if they are denied, will proceed to hear the request for a preliminary injunction.  Due to the briefing schedule for the motions and supplement, I am not able to accommodate Plaintiffs' request for a hearing on or prior to June 29, 2011.

In conclusion, it is

ORDERED that any motions to dismiss for lack of service, lack of personal jurisdiction, or on discretionary abstention/international comity grounds and Plaintiff's supplement to the Motion to Freeze Assets as it relates to the request for a preliminary injunction shall be filed on or before **Thursday, June 30, 2011.**  Responses shall be filed by **Thursday, July 21, 2011**, and replies shall be filed by **Friday, August 5, 2011**.  A one-day hearing on these motions and the request for a preliminary injunction in the Motion to Freeze Assets, as supplemented, shall be set after they are filed.

Dated:  June 7, 2011

                                           BY THE COURT:

                                           s/ Wiley Y. Daniel
                                           Wiley Y. Daniel
                                           Chief United States District Judge