IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01012-WYD-KLM

CGC HOLDING COMPANY, LLC, a Colorado limited liability company;
CRESCENT SOUND YACHT CLUB, LLC, a Florida limited liability company;
HARLEM ALGONQUIN LLC, an Illinois limited liability company; and
JAMES T. MEDICK; on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

SANDY HUTCHENS, a/k/a Fred Hayes, a/k/a Moishe Alexander, a/k/a Moshe Ben Avraham;
TANYA HUTCHENS;
JENNIFER HUTCHENS, a/k/a Jennifer Araujo;
CANADIAN FUNDING CORPORATION; an Ontario corporation;
308 ELGIN STREET INC., an Ontario corporation;
FIRST CENTRAL MORTGAGE FUNDING INC., an Ontario corporation;
FIRST CENTRAL HOLDINGS INC., an Ontario corporation;
BARRY J. POULSON;
ARSENAU POULSON, a partnership;
ALVIN MEISELS;
BLANEY McMURTRY LLP, an Ontario limited liability partnership;
REZNICK, PARSONS, MEISELS, TABERNER, a partnership;
RONALD GACHE;
BROAD AND CASSEL, a partnership
H. JAN LUISTERMANS, a/k/a Herman Luisterman;
REALTY 1 REAL ESTATE SERVICES LTD, an Ontario corporation; and
DOE LIMITED 1 – 100,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiffs' **Motion for Order Granting Leave for Substituted Service** [Docket No. 49; Filed June 13, 2011] (the "Motion").  Pursuant to Fed.

-1-

R. Civ. P. 4(f), Plaintiffs seek leave to serve a Summons and the Complaint [Docket No. 1] on Defendant Jennifer Hutchens (hereinafter, "Defendant") by delivering both documents "to her Colorado lawyers at Lindquist & Vennum P.L.L.P. and to her Canadian lawyers at Brauti Thorning Zibarras LLP." *Motion* [#49] at 2. Plaintiffs assert that granting such leave is appropriate because they "have made numerous unsuccessful attempts to serve process on the person of Jennifer Hutchens," and they have exhausted all leads regarding her whereabouts and her home or office addresses. *Id.*

Plaintiffs allege that Defendant is a Canadian citizen, *Complaint* [#1] at 3, ¶ 6, and they presume that she resides in "the Toronto area," *Motion* [#49] at 2, ¶ 2. Fed. R. Civ. P. 4(f) governs service of an individual located at a place not within any judicial district of the United States. Fed. R. Civ. P. 4(f)(3) provides that such service may be effected by any "means not prohibited by international agreement, as the court orders." *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 n.4 (9th Cir. 2002) ("A federal court would be prohibited from issuing a Rule 4(f)(3) order in contravention of an international agreement, including the Hague Convention referenced in Rule 4(f)(1)."). When a requested alternative method of service is not prohibited by international agreement, whether to permit the method "is a matter of discretion" for the Court. *Malone v. Highway Star Logistics, Inc.*, 08-cv-01534-RPM-KLM, 2009 WL 2139857, at *2 (D. Colo. July 13, 2009) (unreported decision) (citing *Brookmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004)); *see also Rio Properties*, 284 F.3d at 1016 ("[W]e commit to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)."). Prior to granting a motion to allow alternate service under Rule 4(f)(3), "the court may require that plaintiff

show that he made 'reasonable efforts to serve the defendant' and 'that the court's intervention will avoid further unduly burdensome or futile efforts at service.'" *Malone*, 2009 WL 2139857, at *2 (quoting *Studio A Entm't, Inc. v. Active Distrib., Inc.*, No. 1:06CV2496, 2008 WL 162785, at *3 (N.D. Ill. Jan. 15, 2008) (unreported decision)).

In this case, the Court has not located any bilateral or multilateral agreement between the United States and Canada that expressly prohibits substituted service of process on an individual by personal delivery to her lawyers. However, both the United States and Canada are parties to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Convention"). *Loraney Sports, Inc. v. Glastic Corp.*, No. 96 Civ. 2239 (HB), 1997 WL 109473, at *2 (S.D.N.Y. Mar. 10, 1997) (unreported decision); *Marcus Food Co. v. Dipanfilo*, 2010 WL 3946314, at *3 (D. Kan. Oct. 5, 2010) (unreported decision). The Convention is "intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions [will] receive actual notice of suit, and to facilitate proof of service abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 466 U.S. 694, 698 (1988). The Convention applies "where there is occasion" to transmit a judicial document for service abroad. *Id.* at 702 (quoting Article 1 of the Convention). Compliance with the Convention is mandatory in all cases to which it applies. *Id.* at 705. The Convention, by its express terms, does not apply "where the address of the person to be served with the document is not known."   20 U.S.T. 362, T.I.A.S. 6638, Art. 1.

In this case, Plaintiffs located a residential property at 240 Symington Avenue in Toronto that is titled in the name of "Jennifer Araujo," which they assert is Defendant's alias. *Motion* [#49] at 2 (citing *Affidavit of Brent Hiller* [Docket No. 49-1]). Plaintiffs' private process server unsuccessfully attempted service at this address on three occasions.

*Affidavit of Brent Hiller* [#49-1] at 3.  The Convention applies only in cases where the address of a defendant to be served is known.  It is not clear whether Plaintiffs should be deemed to know Defendant's address within the meaning of the Convention simply because they obtained from real property records an address at which Defendant was not found.  Nevertheless, in an abundance of caution, the Court assumes that the Convention applies to this case.  Accordingly, the Court will grant Plaintiffs leave to effect substituted service only if such service is allowed under the Convention.

The primary means by which service is accomplished under the Convention is through a receiving country's "central authority" designated to receive requests for service of documents from other countries. *Id.* at Art. 2.   However, this is not the exclusive approved method of service under the Convention.  The Convention allows for service of process on a defendant located in Canada "in compliance with Canadian procedures, so long as Canada does not specifically object to the use of those procedures."  *The Haskell Co. v. Radiant Energy Corp.*, No. 05-CV-04403 (DLI)(MDG), 2007 WL 2746903, at *6 (E.D.N.Y. Sept. 19, 2007) (unreported decision).  Article 10(b) of the Convention states as follows: "Provided the State of destination does not object, the present Convention shall not interfere with the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination."  20 U.S.T. 362, T.I.A.S. 6638, Art. 10(b).  Pursuant to this Article, the undersigned, as a "judicial officer" of the United States, may order service of the Summons and Complaint [#1] on Defendant directly through Defendant's Canadian lawyers, who are "other competent persons" of Canada, as long as such service "comports with the procedural requirements of the Province of

-4-

Ontario." *The Haskell Co.*, 2007 WL 2746903, at *6; *see also Jerge v. Potter*, No. 990CV-0312E(F), 2000 WL 1160459, at *1 (W.D.N.Y. Aug. 11, 2000) (unreported decision) ("To determine whether the destination country objects to a particular form of service, courts have looked to the service laws of that country to determine whether the employed method of service would be valid therein. The federal system of Canada requires examining the law of the Province of Ontario." (citations omitted)).

Rule 16.04(1) of the Rules of Civil Procedure for Ontario provides as follows: "Where it appears to the court that it is impractical for any reason to effect prompt service of an originating process or any other document required to be served personally or by an alternative to personal service under these rules, the court my make an order for substituted service or, where necessary in the interest of justice, dispense with service." Rules of Civil Procedure for Ontario, R.R.O. 1990, Reg. 194, r. 16.04(1); *see also In re Greater Ministries Int'l, Inc.*, 282 B.R. 496, 500-01 (M.D. Fla. 2002). Ontario courts have explained when allowing substituted service under Rule 16.04(1) is appropriate:

> The generally accepted test for substituted service is set out in [*Chambers v. Muslim* (2007), 87 O.R. 3d 784 (Can. Ont. Master), para. 13]:
>
> What is the test for substituted service under rule 16.04? The plaintiff must satisfy the court, on proper evidence, that the proposed method of substituted service will have some likelihood or a reasonable possibility of bringing the action to the attention of the defendant, otherwise the exercise of obtaining an order for substituted service is a charade. One must select the mode of services that is most likely to bring the document in question to the attention of the defendant. This could include publication in a newspaper in the defendant's locality. However, substituted service is not available if the whereabouts of the defendant are unknown. If the defendant will not learn of the action through substituted service it may be more appropriate to ask for an order dispensing with service altogether. Furthermore, before substituted service is ordered the plaintiff must show that all reasonable steps have been taken to locate the party and to personally serve him or her. What is reasonable will depend on the nature of the case, the relief claimed,

>   the amount involved and all of the surrounding circumstances.  Substituted service is not intended to spare the inconvenience or expense or difficulty of personal service if personal service can be effected.

*Niemi v. W. Assurance Co.*, 2011 ONSC 958 (Can. Ont. Sup. Ct. J.), para. 9 (internal quotation marks omitted).

Applying Ontario law, the Court finds that (1) Plaintiffs in this case have taken reasonable steps and exercised due diligence in attempting to personally serve Defendant in accordance with Ontario law, and (2) Plaintiffs have demonstrated that serving the Summons and Complaint [#1] on Defendant's Canadian and American lawyers will "have some likelihood or a reasonable possibility of bringing the action to the attention of [Defendant]."  Accordingly, the Court concludes that the substituted service requested in this case is permissible under Ontario law and therefore permissible under the Convention.

Because the requested substituted service is permissible under the Convention, the Court may order such service at its discretion.  *Malone*, 2009 WL 2139857, at *2 .  Here, the Court finds "that [its] intervention will avoid further unduly burdensome or futile efforts at service."  *Id.*  Accordingly, there is good cause for allowing Plaintiffs to serve Defendant by personally serving the Summons and Complaint [#1] on her Canadian and American lawyers.

IT IS HEREBY **ORDERED** that the Motion [#49] is **GRANTED**.

IT IS FURTHER **ORDERED** that Plaintiffs shall effect service of the Summons and Complaint [#1] on Defendant Jennifer Hutchens by personally delivering copies of both documents **and a copy of this Order** to the Colorado offices of Lindquist & Vennum P.L.L.P. and the Toronto offices of Brauti Thorning Zibarras LLP **on or before July 15,**

**2011**.  Delivery of the Summons and Complaint by mail is not permitted.

IT IS FURTHER **ORDERED** that service upon Defendant Jennifer Hutchens shall be effective upon the filing on the record of appropriate receipts indicating personal delivery of the Summons and Complaint to the Colorado offices of Lindquist & Vennum P.L.L.P. and the Toronto offices of Brauti Thorning Zibarras LLP.

DATED: June 28, 2011 at Denver, Colorado.

BY THE COURT:

  s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge