IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01012-WYD-KLM

CGC HOLDING COMPANY, LLC, a Colorado limited liability company;
CRESCENT SOUND YACHT CLUB, LLC, a Florida limited liability company;
HARLEM ALGONQUIN LLC, an Illinois limited liability company; and
JAMES T. MEDICK; on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

SANDY HUTCHENS, a/k/a Fred Hayes, a/k/a Moishe Alexander, a/k/a Moshe Ben Avraham;
TANYA HUTCHENS;
JENNIFER HUTCHENS, a/k/a Jennifer Araujo;
CANADIAN FUNDING CORPORATION; an Ontario corporation;
308 ELGIN STREET INC., an Ontario corporation;
FIRST CENTRAL MORTGAGE FUNDING INC., an Ontario corporation;
FIRST CENTRAL HOLDINGS INC., an Ontario corporation;
BARRY J. POULSON;
ARSENAU POULSON, a partnership;
ALVIN MEISELS;
BLANEY McMURTRY LLP, an Ontario limited liability partnership;
REZNICK, PARSONS, MEISELS, TABERNER, a partnership;
RONALD GACHE;
BROAD AND CASSEL, a partnership
H. JAN LUISTERMANS, a/k/a Herman Luisterman;
REALTY 1 REAL ESTATE SERVICES LTD, an Ontario corporation; and
DOE LIMITED 1 – 100,

    Defendants.
_____

## ORDER STAYING DISCOVERY
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the **Unopposed Motion to Stay Discovery**

[Docket No. 81; Filed June 30, 2011] (the "Motion") filed by Defendants Alvin Meisels,

Blaney McMurtry LLP, and Reznick, Parsons, Meisels, Taberner (hereinafter, "Defendants").[1] Defendants have filed motions contesting the Court's personal jurisdiction over them. *See Motions to Dismiss* [Docket Nos. 83 & 85]. Defendants now ask the Court to stay discovery in this case until Chief Judge Wiley Y. Daniel has ruled on these motions. Judge Daniel has set a hearing on the motions for October 12, 2011. *Minute Order* [Docket No. 89].

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unreported decision) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411,

---

[1] The Motion contains additional requests for relief, but only that portion of the Motion seeking a stay of discovery has been referred to this Court. *Minute Order* [Docket No. 89] at 2.

415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported decision)).

In this case, Plaintiffs do not oppose a discovery stay. Accordingly, the Court finds that the first *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the second factor, the Court finds that Defendants have not demonstrated that proceeding with the discovery process presents an undue burden. However, Defendants are correct that proceeding will be wasteful if Chief Judge Daniel grants their motions to dismiss. The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the third factor, it is certainly more convenient for the Court to stay

discovery until it is clear that the case will proceed. *See Chavous*, 201 F.R.D. at 5 (Staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings].").

With regard to the fourth factor, the Court is not aware of any nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court and counsel clearly serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendants' motions to dismiss is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#81] is **GRANTED**.

IT IS FURTHER **ORDERED** that all discovery is stayed pending resolution of Defendants' Motions to Dismiss [#83 & 85].

IT IS FURTHER **ORDERED** that the Scheduling Conference set for October 25, 2011 at 10:00 a.m. is **vacated**. A scheduling conference will be reset, if appropriate, after the ruling on the Motions to Dismiss [#83 & 85].

DATED: July 6, 2011 at Denver, Colorado.

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge