# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No. 11-CV-001012

**CGC HOLDING COMPANY, LLC**, a Colorado limited liability company;
**CRESCENT SOUND YACHT CLUB, LLC**, a Florida limited liability company;
**HARLEM ALGONQUIN LLC**, an Illinois limited liability company; and
**JAMES T. MEDICK**;
on behalf of themselves and all others similarly situated

Plaintiffs,

v.

**SANDY HUTCHENS**, a/k/a Fred Hayes, a/k/a Moishe Alexander, a/k/a Moshe Ben Avraham; *et al.*

Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

Pursuant to the stipulation of Plaintiffs and Defendants, collectively the "Parties" and each individually a "Party"), the Court enters this Stipulated Protective Order ("Protective Order").

It is hereby ORDERED as follows:

1. This Protective Order shall be applicable to and govern all depositions, documents, information or things produced or provided by a Party or third party in connection with this litigation ("Discovery Material") that the Disclosing Party designates as "Confidential Information."

2. Any Party to this action or any non-party may designate any Discovery Material produced by it as "Confidential Information." Any person or entity designating

Case 1:11-cv-01012-RBJ-KLM Document 313-2 Filed 11/23/12 USDC Colorado Page 3 of 11

Discovery Material as "Confidential Information" shall be referred to the "Designating Party." Any person or entity receiving Discovery Material designated as "Confidential Information" shall be referred to as the "Receiving Party." Counsel for any Party may designate any Discovery Material as "Confidential Information" only if counsel has a basis for doing so consistent with Fed.R.Civ.P. 26(g).

3. For purposes of this Protective Order, "Confidential Information" shall include, but not limited to, all financial records, including tax returns, financial statements, and bank records, and all non-public personal information. "Confidential Information" shall not mean information that is a matter of public record, is publicly available, has previously been freely disclosed by the Designating Party, or to which the rightful owner of such information has waived the confidential treatment thereof.

4. "Confidential Information" and the information contained therein shall not be disclosed except as permitted by this Protective Order.

5. Discovery Material that a Designating Party contends to be "Confidential Information" shall be so designated as follows:

(a) At or within a reasonable time after the time of production, Discovery Material shall be designated "Confidential Information" by stamping or labeling same on each page of the document containing such information. For information produced in electronic format, the compact disk, digital video disk, or other medium containing the information shall be stamped or labeled with the appropriate label. If not all of the information contained on the medium is "Confidential Information"

-2-

then the Designating Party shall provide notice to the Receiving Party with a sufficiently definite description of the information contained on the medium that is designated as "Confidential Information."

(b) Discovery Material produced by a non-party may be designated "Confidential Information" as provided for in subparagraph (a), above, or by providing written notice, at the time the Discovery Material is produced, of the Bates numbers or other sufficiently definite description of the pages or information to be designated.

(c) Deposition testimony shall be designated "Confidential Information" at deposition or by written notice within fifteen (15) business days after receiving a final copy of the deposition transcript from the Court reporter. In either case, counsel for the Designating Party shall direct that the legend "Confidential Information" be affixed to the specific pages of the deposition and that the front page of the transcript state that it contains "Confidential Information" subject to this Protective Order, a copy of which shall be included with the transcript. Counsel shall treat the deposition transcripts as "Confidential Information" until the fifteen-day period for the designation has expired. The Parties may modify this procedure for any particular deposition through agreement on the record at such deposition.

6. The inadvertent failure to designate Discovery Material as "Confidential Information" shall not constitute a waiver and may be corrected by giving written notice within five (5) business days after discovery of the omission. All costs incurred in

connection with correcting the omission or retrieving Discovery Material shall be borne by the Designating Party.

7.  Counsel for a Receiving Party may disclose "Confidential Information" and/or any information derived from such "Confidential Information" only to the following persons:

(a)  Counsel's partners, associates, contract attorneys, paralegals, in-house jury consultants or other litigation support, in-house graphics personnel, secretarial staff, clerical, and other regular or temporary employees working on this case, and outside consultants and vendors (including trial consultants, jury consultants, and service vendors such as outside copy services, outside litigation support services, translations services or graphics, design, or document handling services/consultants retained in connection with this action), provided that no "Confidential Information" shall be disclosed to any outside consultants and vendors or temporary employees of Counsel, except for copy services, until such person has executed the Declaration of Compliance;

(b)  The Parties and their insurers, officers, directors, owners, shareholders, principals or employees of the Parties assisting counsel for the purposes of this action but only after they have executed the Declaration of Compliance;

(c)  Persons preparing to or testifying at deposition or trial but only if they have a genuine need to know the "Confidential Information" or there is a genuine

Case 1:11-cv-01012-RBJ-KLM Document 313-2 Filed 11/23/12 USDC Colorado Page 6 of 11

need to question them about the "Confidential Information" and, in both cases, after they have executed the Declaration of Compliance;

(d) Retained experts and consultants, subject to the provisions of Paragraph 9, below, but only to the extent necessary for them to prepare a written opinion, to prepare to testify, or to assist Counsel in the prosecution or defense of this action, and after they have signed a Declaration of Compliance;

(e) Court personnel and other persons by order of the Court or written agreement of the Designating Party;

(f) Counsel of record in any litigation in Canada with the same or similar claims as asserted here or grounded on the same or similar conduct which is subject matter of this case; and

(g) Any governmental body in either the United States or Canada, including the Royal Canadian Mounted Police and the Law Society of Upper Canada.

8. Any person to whom disclosure of "Confidential Information" may not be made shall be excluded from a deposition while such information is being disclosed.

9. Any Receiving Party wishing to use "Confidential Information" at the deposition of a third-party witness must give the Designating Party at least 48 hours written notice, providing a list of the documents to be used by Bates number and copies thereof. The third-party deponent must execute the Declaration of Compliance before being shown "Confidential Information." If the third-party deponent refuses to sign the Declaration of

Compliance, counsel for the Party seeking to depose the witness may not disclose the "Confidential Information" but may seek the intervention of the Court, either at the time or subsequently.

10. This Protective Order does not apply to or limit the Parties' use of their own "Confidential Information."

11. "Confidential Information" and documents containing the same (regardless of who made the designation), shall not be filed with the Court, except by filing the document or Information as a "restricted document" and filing a Motion to Restrict Access pursuant to D.C. Colo.Civ. R 7.2.

12. Pursuant to F.R.E. 502(d), the inadvertent production of any Discovery Material shall be without prejudice to any claim that such Discovery Material is privileged or protected from discovery under the attorney-client privilege, the work product immunity or other applicable privilege or immunity. If a claim of inadvertent production is made with respect to information then in the custody of another Party or non-party, such Party or non-party shall promptly return the subject materials and all copies and notes thereof, and the receiving Party or non-party shall not use such information for any purpose, expect as provided by Fed. R. Civ. P. 26(b)(5)(B). Nothing in this paragraph precludes the Receiving Party from filing a motion to compel challenging the claim of privilege or immunity.

13. A Receiving Party that wants to challenge a "Confidential Information" designation must do so no later than 50 days before the discovery cut-off (or if the disclosure is made within 50 days of the discovery cut-off, then thirty days after the

disclosure) and must (a) first meet and confer with the Designating Party and explain the basis for the challenge and (b) give the Designating Party an opportunity to explain the basis for the designation and a reasonable opportunity (not to exceed three (3) business days) to change the designation. Thereafter, the Receiving Party may file a motion with the Court in which it identifies the challenged material and sets forth the basis for the challenge. The burden of proof on any such challenge shall be on the Designating Party. Until the Court rules on the challenge, all Parties and non-parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

14. Except as expressly addressed by this Protective Order, the rights of the Parties are not affected or modified. The terms of this Protective Order may be modified or changed only upon a showing of good cause and/or agreement of the Parties.

15. This Protective Order shall be binding on any new parties to this action.

16. This Protective Order shall continue in full force and effect after the entry of an order, judgment, or decree finally disposing of this action, including the exhaustion of all permissible appeals. Counsel for the Parties shall be entitled to retain all filings, court papers, deposition and trial transcripts, deposition and trial exhibits, and attorney work product and shall treat all "Confidential Information" in accordance with this Protective Order. This Court shall have continuing jurisdiction to enforce the terms hereof.

17. If a Receiving Party is subpoenaed in or served with any other legal process seeking disclosure of "Confidential Information" by someone other than a Party, the Party

receiving the process shall (a) advise the person seeking disclosure that the material is subject to this Protective Order, (b) provide such person with a copy of the Protective Order, and (c) promptly notify the Designating Party.

Entered this 9 day of ~~November, 2012.~~ March 2013

FOR THE COURT:

By: /s/ Brooke Jackson
R. Brooke Jackson

The parties hereby stipulate to the entry of the foregoing order.

Attorneys for the Plaintiffs:
HEAD & ASSOCIATES, P.C.

By: /s/ John F. Head
John F. Head, No. 3077
1860 Blake Street, Suite 300
Denver, Colorado 80202

Attorneys for Alvin Meisels and Blaney McMurtry LLP
GORDON & REES, LLP

By: /s/ Heather K. Kelly
John M. Palmeri
Heather K. Kelly
555 17th Street, Suite 3400
Denver, CO 80202

Attorneys for Hutchens Defendants
MONTGOMERY LITTLE & SORAN, P.C.

By: _____
Christopher A. Taravella
5445 DTC Parkway, Suite 800
Greenwood Village, CO 80111

Attorneys for Ronald Gache and, Broad and Cassel:
SNELL & WILMER L.L.P.

By: /s/ James D. Kilroy
James D. Kilroy
Eugene P. Kim
1200 17th Street, Suite 1900
Denver, CO 80202

- 8 -

Attorneys for H. Jan Luistermans and
Realty 1 Real Estate Services Ltd.:

INDERWISH & BONIFAZI, P.C.

/s/ Daniel W. Bonifazi

By:_____
    Daniel W. Bonifazi
Suite 200
12150 East Briarwood Avenue
Centennial, CO 80112

and

MITRANI RYNOR ADAMSKY AND
TOLAND

/s/ Loren H. Cohen

By:_____
    Isaac J. Mitrani
301 Arthur Godfrey Road
Penthouse
Miami Beach, FL 33140

## DECLARATION OF COMPLIANCE

The undersigned hereby declares under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Colorado on November ___, 2012 in the case of CGC Holding Company, LLC, et al., Plaintiffs, v. Sandy Hutchens, et al., Defendants, a copy of which is attached hereto as Exhibit 1. I agree to comply with and to be bound by all the terms of the Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Order.

Date: _____

_____
City and State where executed

_____
Signature

_____
Printed name

Exhibit A