IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 11-cv-01012-RBJ-KLM

CGC HOLDING COMPANY, LLC, a Colorado limited liability company;
CRESCENT SOUND YACHT CLUB, LLC, a Florida limited liability company;
HARLEM ALGONQUIN LLC, an Illinois limited liability company; and
JAMES T. MEDICK; on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

SANDY HUTCHENS, a/k/a Fred Hayes, a/k/a Moishe Alexander,
a/k/a Moshe Ben Avraham, et al,

    Defendants.

## ORDER

The "Hutchens Defendants, defendant Luistermans and Realty 1, an entity related to Mr. Luistermans, have filed a motion to amend findings or to reconsider the Court's March 4, 2013 class certification order [docket #416]. This motion, filed by newly retained counsel, has been fully briefed. Meanwhile, the previous lawyers for the Hutchens Defendants have moved to withdraw, citing irreconcilable differences, D.C.COLO.LCivR 83.3(D), and Colorado Rules of Professional Conduct 1.16. [#425].

The latter motion is described as "unopposed," and I will take that to mean unopposed by the clients, given that the clients have engaged new counsel. Therefore, the motion to withdraw [#425] is GRANTED.

With respect to the motion to reconsider, the moving defendants note that one effect, and perhaps one purpose, of the motion is to give them additional time to file a Rule 23(f) appeal. I

have no problem with that. New counsel certainly need some time to get up to speed in what has become a very complex and voluminously litigated case. Beyond that, however, they have raised issues that deserve more than a minute order response:

First, on behalf of the "Entity Defendants" subgroup of the Hutchens Defendants, the motion argues, again, that the Court lacks personal jurisdiction over them. My thoughts on personal jurisdiction, both generally and as applied in this case, were spelled out in an order issued November 1, 2011 [#149]. At least one part of that analysis, concerning RICO, Rule 4(k)(2) and the Seventh Circuit's decision in *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934 (7th Cir. 2000), can reasonably be viewed as plowing new ground in this Circuit, and of course, the Circuit might disagree with my views. However, that can be said of many decisions made at the district court level, and I remain comfortable with my views on the subject. I then applied that analysis to the motions to dismiss for lack of jurisdiction filed on behalf of Sandy Hutchens, his daughter, his wife, and the four "alter ego" Hutchens entities that were named as defendants. At that time the "Entity Defendants" were simply listed as "Doe Limited 1-100." Names were put to the Does by later amendment. However, they are alleged to be more entities owned, controlled and used by the Hutchens Defendants to carry out the alleged fraud. As such, I am satisfied that they are equally subject to the jurisdiction of this Court. The pending motion to reconsider is denied as to this issue.

Second, the motion suggests that the Court might have asserted jurisdiction over an entity that has not been served, Great Eastern Investments, LLC. It is said that there is such an entity, registered in Delaware, but it is at least implied that it has nothing to do with Hutchens or this case. The Court's intent, as I believe was the plaintiff's intent, was not to assert personal

jurisdiction of any such entity. As the Hutchens defendants are well aware, one central fact in this case, which I believe to be undisputed and certainly beyond any genuine dispute, is that Sandy Hutchens used various names or aliases, but not his own given name, when he participated in the acts that have given rise to this lawsuit. It is undisputed, or if not, beyond any genuine dispute that Sandy Hutchens had a criminal history including a fraud conviction, and that neither that history nor his given name were disclosed until those facts were discovered during the course of the alleged fraudulent scheme. Plaintiffs alleged that "Great Eastern Investments, LLC" was simply another alias used in the course of the scheme. Whether that is so remains to be seen. That is the only sense in which the Court understood "Great Eastern Investments, LLC" was a part of this case, not that any entity by that real name was being added as an additional defendant. To any extent the Court unwittingly did something inconsistent with that, the motion for reconsideration is granted.

Third, the motion argues that there is no basis to certify a class against Mr. Luistermans or Realty 1. Mr. Luistermans and his role have to some extent gotten lost in the shuffle of paper in this case. He is a Canadian realtor who allegedly provided assistance to the Hutchens Defendants in obtaining advance loan fees. Based on what was indicated in the motion, I do have some question as to whether he belongs in the class action, or at least, whether the Court's findings were sufficiently thorough as to him. Accordingly, the Court authorizes counsel to set a hearing, to include such evidence as they might wish to produce, on the motion to reconsider as to him.

Fourth, the motion finds fault with each of the three class representatives as adequate representatives. I very specifically addressed the adequacy issue in my class certification order, and the "new" criticisms do nothing to dissuade me. The moving defendants suggest that Mr.

Medick and the representative of Harlem Algonquin have testified that they believe they were qualified for the loans for which they applied. I should hope so. But plaintiffs' counsel has made what defendants call a "strategic concession" that there were legitimate reasons to not fund all of the loans. As I indicated in a previous order, applicants with questionable qualifications arguably might have been perfect targets for the type of loan fraud alleged here, which depended according to plaintiffs on obtaining nonrefundable advance or application fees and then determining that a loan would not be funded. Applicants' "high hopes" that a loan would be funded does not disqualify them from challenging the alleged scheme. Defendants also criticize class representative Buono who made material misstatements on his loan application. Setting aside the fact that Mr. Buono is not and has never been a class representative, the Court determined that the company with which he was associated, Crescent Sound Yacht Club, LLC, which was an originally named plaintiff was not an adequate class representative. The motion is denied as to this issue.

**Order**

1. Motion #416 is GRANTED IN PART AND DENIED IN PART, consistent with this order.
2. Motion #425 is GRANTED.

DATED this 18th day of April, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge