**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 11-CV-001012

**CGC HOLDING COMPANY, LLC**, a Colorado limited liability company;
**CRESCENT SOUND YACHT CLUB, LLC**, a Florida limited liability company;
**HARLEM ALGONQUIN, LLC**, an Illinois limited liability company; and
**JAMES T. MEDICK**;
on behalf of themselves and all others similarly situated

Plaintiffs,

v.

**SANDY HUTCHENS**, a/k/a Fred Hayes, a/k/a Moishe Alexander, a/k/a Moshe Ben Avraham;
  *et al.*

Defendants.

## LETTERS ROGATORY

The United States District Court for the District of Colorado presents its compliments to the Ontario Superior Court of Justice in the Province of Ontario, Canada, and requests judicial assistance to issue appropriate orders, subpoenas or other compulsory process in an action or proceeding in Ontario to recognize and enforce the within orders, as well as other orders entered hereafter.  This Court requests the assistance described herein as necessary in the interests of justice.  This Court stands ready to extend similar assistance to the Courts of Ontario in like cases.

### I.  SUMMARY OF ACTION

The Plaintiffs commenced this federal class action on April 11, 2011. The action is on behalf of various natural persons and entities situated throughout the United States who have similar claims. The Plaintiffs claim that an advance fee loan fraud was organized and controlled by Sandy Hutchens. Through the use of aliases and shell corporate entities, and in conjunction with Tanya Hutchens and Jennifer Hutchens (collectively, the "Hutchens Defendants") and with the assistance of the other Defendants, which include, among others, legal counsel, an illusion was created that Sandy Hutchens was operating a bona fide real estate lending enterprise when, in fact, he was perpetrating an elaborate, fraudulent scheme whereby members of the Plaintiffs' class paid millions of dollars in advance fees, such as "administration fees," "legal fees" and "inspection fees," in consideration for what they believed to be legitimate loans that would be advanced. Ultimately, Sandy Hutchens, through the use of his corporate entities and with the assistance of the other Defendants, has deprived the Plaintiffs' class of monies in excess of $8.4 million USD.

## II.  ASSISTANCE REQUIRED

The persons listed below have evidence that is relevant to this case and is necessary at trial but is not otherwise obtainable through this Court's compulsory process. This Court has jurisdiction to order discovery under the Federal Rules of Civil Procedure, including the production of documents, from any person regarding any matter which is relevant to the subject matter of the pending action. The evidence, which the Plaintiffs are hereby authorized to seek, is necessary in order to do justice in this case.

This Court hereby ORDERS that the Plaintiffs are authorized to obtain information relevant to their claims set forth in the Amended Complaint (the "Claims"), including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter, which information is limited to the period from January 1, 2005 through the present time ("Relevant Period").

The Court further ORDERS that the crime-fraud exception to the attorney-client privilege applies to any communication between the Hutchens Defendants and their attorneys relevant to the Claims and therefore any assertion of the attorney-client privilege by the Hutchens Defendants shall be unavailing to protect any attorney-client communication from discovery.

The Court further ORDERS that, in connection with the foregoing, the Plaintiffs are authorized to obtain the following documents and other information that are relevant to the Claims from the non-party witnesses hereinafter identified:

1.  Documents which constitute or reflect any communication relevant to any of the Claims between any of the Defendants, including any lawyer acting for any Defendant, during the Relevant Period. (This category of documents specifically excludes communications between Defendants and their respective counsel of record in this case.)

2.  Documents which constitute or reflect any communication relevant to any of the Claims between any Defendant and any of the following lawyers during the Relevant Period:

| Barry Poulson | Arseneau Poulson<br>254 Durham Street<br>Sudbury, Ontario, Canada |
|---|---|
| Paul Riley | 488 Huron Street<br>Toronto, Ontario M5R2R3 |
| Michael Spiro | 3625 Dufferin Street, Suite 207<br>Toronto, Ontario |

3.  Documents which constitute or reflect any communication relevant to any of the Claims between any Defendant and any of the following accountants or bookkeepers during the Relevant Period:

| Martin Lapedus | 3200 Dufferin Street, Suite 418<br>Toronto, Ontario M6A 2T3 |
|---|---|
| Charles Lily | Sostarich, Ross, Wright & Cerutti, LLP<br>487 Bouchard Street<br>Sudbury, Ontario P3E 2K8<br>Main Number 705-522 |

4.  Documents which constitute or reflect any communication relevant to any of the Claims between any Defendant and any loan broker, including any lawyer or other representative of such loan broker, during the Relevant Period.

5.  Documents which constitute or reflect any communication relevant to any of the Claims between any Defendant and any rabbi or synagogue, including any lawyer or other representative of such rabbi or synagogue, during the Relevant Period.

6.  Documents which constitute or reflect any communication relevant to any of the Claims between any Defendant and any funding source, including financial institutions and

investors, with respect to the funding of any loan commitment issued by any Defendant to any potential borrower during the Relevant Period.

7.  Documents or other information which was received from anyone through any interactive web site sponsored by First Central Mortgage Funding Inc., Canadian Funding Corporation, 308 Elgin Street Inc. or any other web site which Sandy Hutchens, Tanya Hutchens, Jennifer Hutchens, or any entity owned or controlled by them, caused to be published on the internet.

8.  Statements of account, including cancelled checks, deposit slips, wire transfer instructions, and, debit and credit memos, for each account for any bank, credit union or other financial institution that was open during the Relevant Period, that was held in the name of or for the benefit of Sandy Hutchens, Tanya Hutchens, Jennifer Hutchens, or any entity owned or controlled by them.

9.  The accounting records, including electronic files, maintained for any Sandy Hutchens, Tanya Hutchens, Jennifer Hutchens, or any entity owned or controlled by them.

10. Financial statements, including balance sheets, asset schedules and, income and expense statements, for Sandy Hutchens, Tanya Hutchens, Jennifer Hutchens, or any entity owned or controlled by them.

11. Documents produced to any governmental agency conducting an investigation of Sandy Hutchens, Tanya Hutchens, Jennifer Hutchens, or any entity owned or controlled by them.

The Court further ORDERS that the Plaintiffs may take depositions of the following persons on matters relevant to the Claims:

| Name | Address |
| --- | --- |
| Martin Lapedus | 3200 Dufferin Street, Suite 418<br>Toronto, Ontario M6A 2T3 |
| Paul Riley | 488 Huron Street<br>Toronto, Ontario M5R2R3 |
| Matthew Kovce | 33 Theodore Place<br>Thornhill, Ontario L4J 8E2 |
| Falcon Bank | Local address presently unknown |
| Maxmore Corporation Limited | Local address presently unknown |
| David Mackenzie | 100 Steeles Ave West<br>Thornhill, Ontario L4J 7Y1 |
| Barbara York | 100 Steeles Ave West<br>Thornhill, Ontario L4J 7Y1 |
| TD Canada Trust | 100 Steeles Ave West<br>Thornhill, Ontario L4J 7Y1 |
| Barry J. Poulson | Arseneau Poulson<br>254 Durham Street<br>Sudbury, Ontario, Canada |
| Michael Spiro | 3625 Dufferin Street, Suite 207<br>Toronto, Ontario |
| Giuseppe Strazzeri | 5160 Yonge Street, 14th Floor<br>Toronto, Ontario M2N 6L9 |
| Randy Guzar | Cambridge, Ontario<br>519-212-0065 |
| Brent Hillier | 79511 Bluewater Hwy.<br>Goderich, ON N7A 3X8 |

| Name | Address |
|---|---|
| Demos Vasilakos | Vasilakos Consulting<br>Ontario, Canada<br>416-573-2024 |
| Bryce Coates | Real Mortgage Associates<br>4- 1332 Huron St<br>London, ON, N5V 2E2<br>(519)433-6569 office<br>(519)639-3833 cell<br>(519)298-5144 fax |
| Charles Lily | Sostarich, Ross, Wright & Cerutti, LLP<br>487 Bouchard Street<br>Sudbury, Ontario P3E 2K8<br>Main Number 705-522 |
| Rabbi Mendel Kaplan | Local address presently unknown |
| Rabbi Chaim Cohen | Local address presently unknown |
| Any other person who may have information relevant to the Claims, whose identity is revealed in the course of discovery in this case. ||

Therefore, based on the foregoing, this Court respectfully requests that, in the interests of justice, the Ontario Superior Court of Justice issue appropriate orders, subpoenas or other compulsory processes necessary to compel the production of the documents and information described herein. If any part of this Letter Rogatory cannot be enforced under the laws of Ontario, it is requested that the remaining parts be enforced.

Dated this 24th day of April, 2013.

BY THE COURT:

R. Brooke Jackson
United States District Judge