FILED  
United States Court of Appeals  
Tenth Circuit  

UNITED STATES COURT OF APPEALS  

FOR THE TENTH CIRCUIT  

May 3, 2013  

Elisabeth A. Shumaker  
Clerk of Court  

---

RONALD GACHE, *et al.*,

    Petitioners,

v.

CGC HOLDING COMPANY, LLC, a Colorado limited liability company, *et al.*,

    Respondents.

No. 13-702, 10-703, and 13-705  
(D.C. No. 1:11-CV-01012-RBJ-KLM)

---

**ORDER**

---

    Case Nos. 13-702, 13-703, and 13-705 all arise from the same district court proceeding in which the district court certified a plaintiff class action. The petitioners in No. 13-702 are defendants Ronald Gache, Broad & Cassel, and Carl Romano. The petitioner in No. 13-703 is defendant Alvin Meisels. The petitioners in No. 13-705 are H. Jan Luistermans and the defendants collectively referred to as the "Hutchens Defendants," (generally, Sandy Hutchens, Tanya Hutchens, Jennifer Hutchens, and various organizations alleged to be controlled by one or more of these defendants). The petitioners collectively ask that the court accept on an interlocutory basis an appeal of the class certification order pursuant to Fed. R. Civ. P. 23(f) and Fed. R. App. P. 5.

    The previously ordered abatement of Case Nos. 13-702 and 13-703 is lifted. Any prior directives concerning the filing of responses are vacated.

The parties shall file entries of appearances in Case No. 13-705 within seven calendar days from the date of this order.

The court consolidates the three proceedings for the purposes of concluding the filing of responses and replies and court consideration. The respondents shall file a single consolidated response to the three petitions that have been filed. The court recognizes that limiting the consolidated response to twenty pages (*see* Fed. R. App. P. 5(c)) would be unfair. Nevertheless, sixty pages would be excessive, given the duplicative nature of some of the arguments of the petitioners and the common facts, background, and governing standards that respondents need not repeat as to each pending petition.

The consolidated response of the respondents must be no more than 11,200 words in length (the equivalent of over forty pages), exclusive of the non-countable items identified in Fed. R. App. P. 32(a)(7)(B)(iii). The word count shall be certified as provided in Fed. R. App. P. 32(a)(7)(C). The cover of the filing will identify all three case numbers.

Because the respondents must organize a single response to three petitions, the court establishes a longer briefing schedule for the consolidated response than would otherwise be permitted by the applicable rule. The consolidated response shall be filed on or before May 28, 2013.

The court pre-authorizes leave to the petitioners to file optional replies to the consolidated response pursuant to l0th Cir. R. 5.1 and without need of motions seeking that relief. Since the petitioners are separately represented, consolidation of the replies

may not be practical, so three separate replies will be permitted, each limited in size as provided by the cited rule. The replies should not simply restate arguments already advanced in the pending petitions and to the greatest extent possible, should not be duplicative of each other.  Notwithstanding the possible interplay between the timing requirements of l0th Cir. R. 5.1. and Fed. R. App. P. 26(c), any replies shall be filed on or before the seventh calendar day following service of the consolidated response.

Motions for extensions of time from the schedules established herein are strongly discouraged and will be granted only under compelling circumstances. Counsel are advised that all motions must comply with the court's "confer and report" requirement found in l0th Cir. R. 27.3(C) and that any motion seeking an extension of time must be filed at least five days before the scheduled deadline the motion seeks to extend. *See generally* l0th Cir. R. 27.4(F).

>Entered for the Court
>ELISABETH A. SHUMAKER, Clerk
>
>by: Douglas E. Cressler
>    Chief Deputy Clerk