# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01012-RBJ-KLM

CGC HOLDING COMPANY, LLC, a Colorado limited liability company;
CRESCENT SOUND YACHT CLUB, LLC, a Florida limited liability company;
HARLEM ALGONQUIN LLC, an Illinois limited liability company; and
JAMES T. MEDICK; on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

SANDY HUTCHENS, a/k/a Fred Hayes, a/k/a Moishe Alexander, a/k/a Moshe Ben Avraham, et al.,

    Defendants.

## ORDER AND FINAL JUDGMENT

On March 6, 2013, Plaintiffs and Defendant Blaney McMurtry LLP ("Blaney") moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for preliminary approval of an Order granting class-wide settlement (the "Settlement") of claims asserted against Blaney in the above-captioned lawsuit (the "Action"). By Order dated March 9, 2013, this Court preliminarily approved the Motion and scheduled a Fairness Hearing for May 28, 2013, following notice to the class. This Court has since conducted that Hearing.

The terms of the Settlement are set forth in the parties' Stipulation of Settlement, dated February 14, 2013 (the "Stipulation"), which the Court incorporated into its order preliminarily approving the Settlement. The Stipulation sets forth the terms and conditions

for the Settlement of the Action against Blaney and provides for the dismissal of Plaintiffs' claims against Blaney with prejudice. Having considered the Stipulation, the parties' jointly submitted memorandum in support, any argument from any interested parties at the Fairness Hearing, and the requirements of Fed. R. Civ. P. 23(e),

IT IS HEREBY ORDERED that:

1. **Certification of the Settlement Class**. For the purposes of settling the claims against Blaney only, the Court finds that the claims against Blaney in this Action are proper for class certification pursuant to Fed. R. Civ. P. 23(b)(3) and hereby certifies the following Settlement Class:

> All persons and/or entities who, between January 1, 2004 and entry of judgment, were issued loan commitments for loans secured by property in the United States, or who were issued loan commitments while the borrower was residing or domiciled in the United States, by Canadian Funding Corporation, First Central Mortgage Funding Inc., 308 Elgin Street Inc., Northern Capital Investments Ltd., Great Eastern Investment Fund, LLC, or by any other entity controlled in whole or in part by Sandy Hutchens, using his own name or any assumed name, and who paid money to any Defendant, directly or indirectly, but which loan commitments were not funded. Excluded from the Class are Defendants, their legal representatives, heirs, successors or assigns, any entity in which any Defendant has or had a controlling interest, and any person otherwise included but who has released or waived all claims against all Defendants.

Certification of a class for settlement purposes is warranted because, as described in Joint Memorandum in Support of final Settlement Approval, the case against Blaney satisfies all requirements of Fed. R. Civ. P. 23(a) and (b)(3).

2. **Designation of Class Representatives.** The Court designates as representatives for the Settlement Class, CGC Holding Company, LLC, Harlem Algonquin, LLC, and James T. Medick, who have no apparent conflicts of interest and who fairly and adequately represent the interests of the Settlement Class.

3. **Designation of Class Counsel**. When preliminarily approving this Settlement Class, this Court appointed Head & Associates as class counsel.

4. **Settlement Approved.** The terms and conditions of the Stipulation, previously filed with this Court, which the Court finds were the subject of arm's length negations and were not collusive, are fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court therefore grants final approval of the Settlement, as set forth in the Stipulation.

5. **Effective Notice**. The Court finds that the substance of the Notice of Pendency of Class Action and Hearing on Proposed Settlement with Blaney McMurtry LLP (the "Notice") and the manner of providing notice to members of the Settlement Class constituted the best notice practicable under the circumstances, provided due and sufficient notice of the Action and the Settlement to members of the Settlement Class, and fully satisfied the requirements of due process and Civil Rule 23.

6. **Dismissal with Prejudice.** The Court dismisses all remaining claims, causes of action, and counts alleged in the Action against Blaney *with prejudice*, with each of the

Parties to bear its own costs and attorneys' fees, except as provided in the Stipulation. The dismissal does not extend to claims asserted against Alvin Meisels.

7. **Release and Injunction**. All "Settled Claims" (as the Stipulation defines that term) are hereby released and Settlement Class members have covenanted not to and they and their successors, heirs, and assigns are hereby permanently enjoined from asserting, filing, maintaining, or prosecuting any of the Settled Claims which any Settlement Class member had, has, or may have in the future. The Stipulation is the sole and exclusive remedy for all Settled Claims of all Settlement Class members, except to the extent that a potential Settlement Class member property opted-out of the Settlement Class. The Court also bars and enjoins commencement and/or prosecution of any claim or action by any Defendant or other person against Blaney for reimbursement, contribution, or indemnification relating to any claims made by any Plaintiff or Settlement Class member.

8. **Opt-Outs.** The Court approves the following opt outs, which shall not share in nor be bound by this Order and Final Judgment:

>OCD Telluride, LLC
>
>Lovina Lehr.

Granting permission to opt out does not reflect any finding by this Court that either opt-out actually holds any claim against Blaney or has standing to pursue any such claim. The Court further determines that no other potential Settlement Class members timely and properly requested exclusion from the Settlement Class.

9. **Continuing Jurisdiction**. The Court reserves continuing and exclusive jurisdiction over the Stipulation and Settlement to administer, supervise, construe and enforce its terms for the mutual benefit of the parties thereto. The Court's ongoing jurisdiction extends to all parties to the Action and all members of the Settlement Class.

10. **No Admissions**. The Stipulation and Settlement, and any actions or proceedings taken pursuant thereto may not be (1) offered or received against Blaney as evidence of any presumption, concession, or admission by Blaney of the truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have been asserted in this action or of any liability, negligence, fault, wrongdoing, or any other theory of liability of Blaney; (2) offered or received against the Plaintiffs or the Settlement Class members as evidence of any presumption, concession or admission by Plaintiffs or any Settlement Class member of the lack of any liability, negligence, fault, wrongdoing, or any other theory of liability claimed by Plaintiffs or of any infirmity of the claims Plaintiffs had or could have asserted in this Lawsuit; (3) construed against Blaney, Plaintiffs, or the Settlement Class members as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that reference may be made to the Stipulation and Settlement as may be necessary to effectuate the Settlement, the provisions of the Stipulation, and this Order and Final Judgment.

11. **Entry of Final Judgment pursuant to Civil Rule 54(b).** The Court hereby finds that all claims against defendant Blaney have been finally resolved and that no just

reason for delay in the entry of judgment exists.  First, among the defendants, Blaney, whose exposure rests upon a small window of vicarious liability, occupies a unique position among the Defendants with respect to Plaintiffs and Settlement Class members, and the claims against Blaney are therefore separable from the claims of other Defendants.  Second, certification of the judgment as final will not result in inefficient utilization of judicial resources and piecemeal appeals because this final judgment arises from a settlement, not an adjudication of fault or liability.  Finally, the equities in this case dictate that judgment issue without delay.  The Settlement in this case creates a Cost Fund to aid in the prosecution of claims against the remaining defendants.  Such Cost Fund will only be effective if the funds are immediately available to Plaintiffs and Class Counsel, and the Stipulation makes the Settlement funds payable only upon entry of Final Judgment.

DONE and ORDERED this 19th day of July, 2013.

BY THE COURT:

_____
The Honorable R. Brooke Jackson
United States District Court Judge