IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 11-cv-01012-RBJ-KLM

CGC HOLDING COMPANY, LLC, a Colorado limited liability company;
CRESCENT SOUND YACHT CLUB, LLC, a Florida limited liability company;
HARLEM ALGONQUIN LLC, an Illinois limited liability company; and
JAMES T. MEDICK; on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

SANDY HUTCHENS, a/k/a Fred Hayes, a/k/a Moishe Alexander,
a/k/a Moshe Ben Avraham, et al,

    Defendants.

## ORDER

The Hutchens defendants, joined by Mr. Luistermans and Mr. Meisels, move for a stay of proceedings in this case pending the resolution by the Tenth Circuit of the appeals from this Court's class certification order. The Broad defendants respond that they do not oppose the motion except as it applies to them.[1] Plaintiffs oppose any stay. For the reasons set forth in this order, the motion for a stay is granted.

**Facts**

The Court has summarized the facts in numerous orders issued in this motion-intensive case. I need not repeat them here.

---

[1] The Broad defendants indicate that plaintiffs have confessed that the Court erred in certifying the class as to them, citing docket #408, apparently mistakenly, to establish that confession. To the Court's knowledge the Broad defendants' appeal remains outstanding in the circuit. If that changes, the Court can reconsider whether to move forward with respect to those defendants.

1

**Conclusions**

The parties agree that the Court should apply the four factors applicable to motions preliminary injunctions and stays pending appeals of final judgments, i.e., (1) likelihood of success on the merits of the appeal; (2) harm to the defendants if a stay is not granted; (3) harm to the plaintiffs if a stay is granted; (4) the public interest.

<u>Likelihood of Success</u>.  Obviously I would not have certified a class if I did not find it to be appropriate.  Therefore, I cannot find that the Hutchens, Luistermans and Meisels defendants are substantially likely to succeed in their appeals.   However, I do agree that the appeals potentially raised two legal issues that the Tenth Circuit has not previously addressed.  First, does "presumed reliance" apply in a civil RICO case?  If not, and if plaintiffs must prove actual reliance on defendants' allegedly fraudulent misrepresentations and omissions as to each individual class member, it may prove to be the death knell of the case.  Second, did this Court correctly apply Fed. R. Civ. P. 4(k)(2), that is, was the analysis of this Court and the Seventh Circuit in *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 941 (7th Cir. 2000) correct.[2]

<u>Irreparable Injury to Defendants if a Stay is Denied</u>.  The injury that defendants will sustain if a stay is not granted, discovery proceeds, but the Tenth Circuit rules in a manner that ends the case, is monetary.  That could be "irreparable" if, as I am willing to assume, they cannot recoup that monetary loss from the plaintiffs.  Plaintiffs too would incur costs under that scenario.  Plaintiffs contend that these defendants have brought this on themselves by their obstreperous manner of responding or not responding fully to discovery, but that is what

---

[2] I do not agree with the defendants that extraterritorial application of RICO is a novel issue on appeal.  I specifically acknowledged that RICO does not apply extraterritorially. Order, November 1, 2011 [# 149] at 22, 25. Rather, plaintiffs allege that defendants, although living in Canada, conducted a fraudulent enterprise within the United States.  *Id.* at 25.

Magistrate Judge Mix will be evaluating. Regardless of the cause, it is a matter of common sense that there is some benefit in sparing the parties unnecessary expense.

<u>Harm to Plaintiffs if a Stay is Granted</u>. I do not agree that a "delay in this case is unlikely to harm plaintiffs." If the appeals do not dispose of the case, but a stay requires another continuance of the trial date, that is a significant harm to the plaintiffs. The trial was continued in large part because defendants' position regarding production of documents, and in particular the application of attorney-client privilege in the context of the claims in this case (which may or may not have been well taken), made it difficult to impossible for the plaintiffs to present their case as originally scheduled. Delay works to the benefit of the defendants and to the detriment of the plaintiffs in this case.

<u>Public Interest</u>. I have conferred with Magistrate Judge Mix and have learned that, due to her workload, she has to date been able only to get through approximately 75 pages of the 10,000 or so pages of documents she has been asked to review *in camera*. I sought Judge Mix's help because of the volume of what the parties are disputing. Her time is valuable, and there are many demands on it. I do not wish to waste that valuable time.

**Order**

On balance, I conclude that it makes sense to stay proceedings in this Court pending the resolution of what could be dispositive interlocutory appeals. The parties and counsel should be aware, however, that if the case continues after the appellate issues are resolved, and if the timing requires another continuance of the trial date, the Court will reset the case at the earliest possible time, and the schedules of the parties and counsel will have to adjust to such a settling.

Accordingly,

1. Motion # 465 is GRANTED.

2. Motion # 467 is DENIED as MOOT.

DATED this 9th day of August, 2013.

BY THE COURT:

*Brooke Jackson*

R. Brooke Jackson
United States District Judge