IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 11-cv-01012-RBJ-KLM

CGC HOLDING COMPANY, LLC, a Colorado limited liability company;
CRESCENT SOUND YACHT CLUB, LLC, a Florida limited liability company;
HARLEM ALGONQUIN LLC, an Illinois limited liability company; and
JAMES T. MEDICK; on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

SANDY HUTCHENS, a/k/a Fred Hayes, a/k/a Moishe Alexander,
a/k/a Moshe Ben Avraham, et al,

    Defendants.

## ORDER

The matter is before the Court on the Order and Mandate of the United States Court of Appeals for the Tenth Circuit and on defendant Meisels' motion to lift the existing stay and for an order to show cause.

**A. <u>Tenth Circuit Order and Mandate</u>.**

The Circuit issued its order affirming this Court's decision to certify a class, with one exception, on December 8, 2014. ECF No. 506. Mandates were issued on December 30, 2014 and January 6, 2015. ECF Nos. 507, 509 and 510.

The exception was with respect to plaintiffs' claims against the "Broad" defendants: Broad and Cassel, Ronald Gache and Carl Romano, as to which the plaintiffs apparently conceded a lack of standing on appeal. The Circuit reversed the certification decision as to those defendants and remanded with instructions to dismiss the claims against them without prejudice.

### B. Meisels' Motion Regarding Stay and Order to Show Cause.

This Court's order on class certification was issued on March 4, 2013. ECF No. 406. Defendants promptly petitioned for permission to appeal. The petitions were granted on June 14, 2013. On August 9, 2013 this Court vacated the then-scheduled trial date and stayed proceedings in this Court pending resolution of the interlocutory appeals. ECF No. 494.

On August 14, 2014 – after the appeals had been briefed and argued and were pending in the Circuit – plaintiffs' attorney, John F. Head, filed a motion to withdraw and requested that, pending the entry of appearance of substitute counsel, pleadings should be sent directly to the four named plaintiffs. The motion to withdraw was based on Mr. Head's license to practice law having been suspended by the Colorado Supreme Court. ECF No. 503. The motion was granted on August 15, 2014. ECF No. 504.

As indicated, the Circuit's order on the pending appeals was issued December 8, 2014. ECF No. 506. The mandate concerning the Broad defendants' appeal issued on December 30, 2014. ECF No. 507. The pending motion was filed by defendant Meisels the next day, December 31, 2014. ECF No. 508. The mandate concerning the Meisels appeal issued on January 6, 2015. ECF No. 509. The mandate concerning the appeals by the Hutchens and Luistermans defendants was also issued on January 6, 2015. ECF No. 510.

The Meisels motion first asks this Court to lift the stay that has been in effect since August 9, 2013. Second, noting that the plaintiffs and the class were, at that time, unrepresented due to Mr. Head's withdrawal, the motion asked the Court to issue an order to show cause why the class claims should not be dismissed if the plaintiffs do not secure adequate class counsel within 30 days. ECF No. 508 at 3. No response has been filed to the motion, either by the plaintiffs or by the other defendants. However, the motion represents that counsel for the

Hutchens defendants (and presumably the Luistermans defendants, also represented now by the same counsel) does not oppose the motion.

The motion to lift the stay is granted. This is a very old case, having been filed on April 15, 2011. It has been embroiled in litigation skirmishing since even before the undersigned was appointed to the bench in September 2011 and was assigned to the case. Trial settings have come and gone. Lawyers have come and gone. No party has suggested any reason for continuing the stay now that the appeals have been resolved. Likewise, the Court does not perceive any just reason for continuing the stay.

On January 22, 2015 two lawyers, one from Pennsylvania and the other from New Jersey, entered their appearances on behalf of the plaintiffs. ECF Nos. 511 and 512. As such they are also entering on behalf of the certified class. Accordingly, it appears that the portion of the Meisels motion that requests a show cause order is probably moot. Perhaps the defendants might wish to challenge the adequacy of representation in light of the change of plaintiffs' counsel, but that does not require a show cause order. Rather, the Court directs counsel to confer and then to set a status conference for the purpose of setting a hearing on the adequacy issue, if necessary, setting new trial and pre-trial conference dates, and otherwise modifying the schedule as might be appropriate.

Order

1. All claims asserted by the plaintiffs against Broad and Cassel, Ronald Gache and Carl Romano are dismissed without prejudice. As the prevailing parties, these defendants are awarded their costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

2. Defendant Alvin Meisels' Motion for Lift of Stay of Proceedings and Request for Order to Show Cause is GRANTED IN PART AND DENIED IN PART. The stay is lifted, but the request for a show cause order is denied as moot.

DATED this 27th day of January, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge