# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No. 11-CV-001012

**CGC HOLDING COMPANY, LLC**, a Colorado limited liability company;
**CRESCENT SOUND YACHT CLUB, LLC**, a Florida limited liability company;
**HARLEM ALGONQUIN, LLC**, an Illinois limited liability company; and
**JAMES T. MEDICK**;
on behalf of themselves and all others similarly situated

Plaintiffs,

v.

**SANDY HUTCHENS**, a/k/a Fred Hayes, a/k/a Moishe Alexander, a/k/a Moshe Ben Avraham;
*et al.*

Defendants.

---

## LETTERS ROGATORY

---

The United States District Court for the District of Colorado presents its compliments to the Ontario Superior Court of Justice in the Province of Ontario, Canada, and requests judicial assistance to issue appropriate orders, subpoenas, or other compulsory process in an action or proceeding in Ontario to recognize and enforce the within Orders, as well as other Orders entered hereafter. This Court requests the assistance described herein as necessary in the interests of justice. This Court stands ready to extend similar assistance to the Courts of Ontario in like cases.

# I. SUMMARY OF CLASS ACTION

The Plaintiffs commenced this federal class action on April 11, 2011. The action is brought on behalf of various natural persons and entities situated throughout the United States who have similar claims. The Plaintiffs claim that an advance fee loan fraud was organized and controlled by Defendant Sandy Hutchens. Through the use of aliases and shell corporate entities, and in conjunction with Defendants Tanya Hutchens and Jennifer Hutchens (collectively, the "Hutchens Defendants"[1]) and with the assistance of the other Defendants, which include, among others, the legal counsel identified below as Exempted Attorneys, Plaintiffs allege that an illusion was created that Sandy Hutchens was operating a bona fide real estate lending enterprise

---

[1] More specifically, the "Hutchens Defendants" are, collectively: (a) Sandy Hutchens, Tanya Hutchens, and Jennifer Hutchens; (b) the "Operating Entities" (1681071 Ontario Inc., an Ontario corporation, which has changed its name to Canadian Funding Limited; Northern Capital Investments LTD., an Ontario corporation;First Central Holdings, Inc.; First Central Mortgage Funding, Inc.; and Canadian Funding Corporation); and (c) the "Entity Defendants" (2800 North Flagler Drive Units 106-107 LLC, a Florida limited liability company; Estate of Judith Hutchens; 29 Laren Street Inc., an Ontario corporation, a/k/a 2141250 Ontario Inc., [incorrectly listed as 129 Laren Street Inc. in the Amended Complaint]; 3415 Errington Avenue Inc., an Ontario corporation, a/k/a 2129974 Ontario Inc.; 367-369 Howey Drive Inc., an Ontario corporation, a/k/a 1714530 Ontario Inc.; 3419 Errington Avenue Inc., an Ontario corporation, a/k/a 2129982 Ontario Inc.; 17 Serpentine Street Inc., an Ontario corporation, a/k/a 1714529 Ontario Inc.; 720 Cambrian Heights Inc., an Ontario corporation, a/k/a 2154461 Ontario Inc.; 331 Regent Street Inc., an Ontario corporation, a/k/a 2126929 Ontario Inc.; 789 Lawson Street Inc., an Ontario corporation, a/k/a 2128417 Ontario Inc.; 110-114 Pine Street Inc., an Ontario corporation, a/k/a 2173061 Ontario Inc.; 15-16 Keziah Court Inc., an Ontario corporation, a/k/a 2128412 Ontario Inc.; 193 Mountain Street Inc., an Ontario corporation, a/k/a 2141249 Ontario Inc.; 625 Ash Street Inc., an Ontario corporation, a/k/a 2128413 Ontario Inc.; 364 Morris Street Inc., an Ontario corporation, a/k/a 2119821 Ontario Inc.; Santan Property Management Inc.; 101 Services Road Inc.; 146 Whitaker Street Inc., an Ontario corporation; 1697030 Ontario Inc.; 308 Elgin Street, Inc.; 1539006 Ontario, Inc.; JBD Hutchens Family Holding Inc., an Ontario corporation, a/k/a 2129981 Ontario Inc.; and JBD Holdings.).

#8051039.1(162045.002)         2

when, in fact, he was perpetrating an elaborate, fraudulent scheme whereby members of the Plaintiffs' class paid millions of dollars in advance fees, such as "administration fees," "legal fees," and "inspection fees," in consideration for what they believed to be legitimate loans that would be advanced. Ultimately, Plaintiffs allege that Sandy Hutchens, through the use of his corporate entities and with the assistance of the other Defendants, has deprived the Plaintiffs and the members of the Class of monies in excess of $8.4 million U.S. Dollars.

On March 4, 2013, this Court granted Plaintiffs' Motion for Class Certification and certified the following nationwide Class:

> All US residents or domiciled entities (1) who were issued loan commitments between January 1, 2005, and April 7, 2013, (2) by Canadian Funding Corporation, First Central Mortgage Funding, Inc., 308 Elgin Street Inc., Northern Capital Investment, Ltd., Great Eastern Investments, LLC, or any other entity controlled by Sandy Hutchens, (3) whose loan commitments were not funded (4) but who paid money to any defendant (5) without having been informed that Moishe Alexander, Moshe Ben Avrajem, Fred Haynes [Hayes], Alexander MacDonald, Matthew Kovce, Fred Merchant, or other aliases, as the case might be, were names used by Sandy Hutchens, and that that individual had a criminal history including a conviction for fraud.

On December 8, 2014, this Court's ruling certifying the above-referenced Class was affirmed by the U.S. Court of Appeals for the Tenth Circuit.

## II. ASSISTANCE REQUIRED

The persons listed below have evidence that is relevant to this case and is necessary at trial but is not otherwise obtainable through this Court's compulsory process. This Court has jurisdiction to order discovery under the Federal Rules of Civil Procedure, including the production of documents, from any person regarding any matter which is relevant to the subject

#8051039.1(162045.002)    3

matter of the pending action. The evidence, which the Plaintiffs are hereby authorized to seek, is necessary in order to do justice in this case.

This Court hereby ORDERS that the Plaintiffs are authorized to obtain information relevant to their claims set forth in the Amended Complaint (the "Claims"), including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter, which information is limited to the period from January 1, 2005, through the present time ("Relevant Period").

The Court further FINDS that plaintiffs have made a *prima facie* showing that the crime-fraud exception to the attorney-client privilege applies to any communication between the Hutchens Defendants and three attorneys: Barry Poulson, Alvin Meisels, and Carl Romano (the "Excepted Attorneys"). Therefore, any assertion of the attorney-client privilege by the Hutchens Defendants shall be unavailing to protect any attorney-client communication during the Class Period (i.e., from January 1, 2005, and April 7, 2013) from discovery. Any such otherwise privileged communication or document produced or otherwise discovered pursuant to these Letters Rogatory shall be produced not to Plaintiffs, but directly to the Hutchens Defendants, who shall have fourteen (14) days, or such greater time as this Court shall allow, to designate any such document for *in camera* review by Magistrate Judge Mix of this Court to determine if any such designated document remains privileged. If the Hutchens Defendants seek *in camera* review, they must identify each specific document at issue and provide argument(s) about each

document sufficient to convince this Court that it is necessary to perform an *in camera* review to determine whether it is subject to the claimed privilege.

This Court further ORDERS that, in connection with the foregoing, the Plaintiffs are authorized to obtain the following documents and other information that are relevant to the Claims from the non-party witnesses hereinafter identified:

1. Documents which constitute or reflect any communication relevant to any of the Claims between (a) any of the Hutchens Defendants during the Relevant Period, or (b) any Excepted Attorney acting for any Hutchens Defendant, during the Class Period. (This category of documents specifically excludes communications between Defendants and their respective counsel of record in this case.)

2. Documents which constitute or reflect any communication relevant to any of the Claims between any Defendant and any of the following accountants or bookkeepers during the Relevant Period:

| Martin Lapedus | 3200 Dufferin Street, Suite 418<br>Toronto, Ontario M6A 2T3 |
|---|---|
| Charles Lily | Sostarich, Ross, Wright &Cerutti, LLP<br>487 Bouchard Street<br>Sudbury, Ontario P3E 2K8<br>Main Number 705-522 |

3. Documents which constitute or reflect any communication relevant to any of the Claims between any Defendant and any loan broker, during the Relevant Period.

4. Documents which constitute or reflect any communication relevant to any of the Claims between any Defendant and any rabbi or synagogue, during the Class Period. Because such communications may be privileged under the parishioner/clergy privilege pursuant to Rule 501 of the Federal Rules of Evidence, communications between any Defendant and any rabbi or synagogue will be produced first to the Hutchens Defendants or Alvin Meisels counsel, respectively, for a review for privilege. After a privilege review, any documents withheld by the Hutchens Defendants or Alvin Meisels will be consistent with Rule 26(b)(5) of the Federal Rules of Civil Procedure.

5. Documents which constitute or reflect any communication relevant to any of the Claims between any Defendant and any funding source, including financial institutions and investors, with respect to the funding of any loan commitment issued by any Defendant to any Class member during the Relevant Period.

6. Documents or other information which was received from anyone through any interactive Internet website sponsored by First Central Mortgage Funding Inc., Canadian Funding Corporation, 308 Elgin Street Inc. or any other web site which Sandy Hutchens, Tanya Hutchens, Jennifer Hutchens, or any Operating Entity or Entity Defendant, caused to be published on the Internet.

7. Statements of account, including cancelled checks, deposit slips, wire transfer instructions, and, debit and credit memos, for each account for any bank, credit union or other financial institution that was open during the Class Period, that was held in the name of or for the

benefit of Sandy Hutchens, Tanya Hutchens, Jennifer Hutchens, or any Operating Entity or Entity Defendant

8. The accounting records, including electronic files, maintained for any Sandy Hutchens, Tanya Hutchens, Jennifer Hutchens, or any Operating Entity or Entity Defendant during the Class Period.

9. Financial statements, including balance sheets, asset schedules and, income and expense statements, for Sandy Hutchens, Tanya Hutchens, Jennifer Hutchens, or any Operating Entity or Entity Defendant during the Class Period.

10. Documents produced to any governmental agency conducting an investigation of Sandy Hutchens, Tanya Hutchens, Jennifer Hutchens, or any Operating Entity or Entity Defendant during the Class Period.

The Court further ORDERS that the Plaintiffs may take depositions of the following persons on matters relevant to the Claims:

| Name | Address |
| --- | --- |
| Martin Lapedus | 3200 Dufferin Street, Suite 418<br>Toronto, Ontario M6A 2T3 |
| Paul Riley | 488 Huron Street<br>Toronto, Ontario M5R2R3 |
| Matthew Kovce | 33 Theodore Place<br>Thornhill, Ontario L4J 8E2 |
| Falcon Bank | Local address presently unknown |
| Maxmore Corporation Limited | Local address presently unknown |

#8051039.1(162045.002)

7

| Name | Address |
|---|---|
| David Mackenzie | 100 Steeles Ave West<br>Thornhill, Ontario L4J 7Y1 |
| Barbara York | 100 Steeles Ave West<br>Thornhill, Ontario L4J 7Y1 |
| TD Canada Trust | 100 Steeles Ave West<br>Thornhill, Ontario L4J 7Y1 |
| Barry J. Poulson | Arseneau Poulson<br>254 Durham Street<br>Sudbury, Ontario, Canada |
| Michael Spiro | 3625 Dufferin Street, Suite 207<br>Toronto, Ontario |
| Giuseppe Strazzeri | 5160 Yonge Street, 14th Floor<br>Toronto, Ontario M2N 6L9 |
| Randy Guzar | Cambridge, Ontario<br>519-212-0065 |
| Brent Hillier | 79511 Bluewater Hwy.<br>Goderich, ON N7A 3X8 |
| Demos Vasilakos | Vasilakos Consulting<br>Ontario, Canada<br>416-573-2024 |
| Bryce Coates | Real Mortgage Associates<br>4- 1332 Huron St<br>London, ON, N5V 2E2<br>(519) 433-6569 office<br>(519) 639-3833 cell<br>(519) 298-5144 fax |
| Charles Lily | Sostarich, Ross, Wright &Cerutti, LLP<br>487 Bouchard Street<br>Sudbury, Ontario P3E 2K8<br>Main Number 705-522 |

| Name | Address |
|---|---|
| Rabbi Mendel Kaplan | Local address presently unknown |
| Rabbi Chaim Cohen | Local address presently unknown |

Therefore, based on the foregoing, this Court respectfully requests that, in the interests of justice, the Ontario Superior Court of Justice issue appropriate orders, subpoenas or other compulsory processes necessary to compel the production of the documents and information described herein. If any part of this Letter Rogatory cannot be enforced under the laws of Ontario, it is requested that the remaining parts be enforced.

Dated this 1st day of June, 2015.

FOR THE COURT:

_____
United States District Judge

Respectfully submitted,

SCOTT R. SHEPHERD
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
35 East State Street
Media, PA 19063
Telephone: (610) 891-9880

KEVIN P. RODDY
WILENTZ, GOLDMAN & SPITZER, P.A.
90 Woodbridge Center Drive, Suite 900
Woodbridge, NJ 07095
Telephone: (732) 636-8000

**Co-Lead Counsel for Plaintiffs and the Class**

#8051039.1(162045.002)                                    9

Seen and Consented to:

STEVEN A. KLENDA
ADROIT ADVOCATES, LLC
1624 Market Street, Suite 202
Denver, CO 80202

**Counsel for the Hutchens Defendants**

JOHN M. PALMERI
HEATHER K. KELLY
GORDON & REES, LLP
555 17th Street, Suite 3400
Denver, CO 80202

**Counsel for Defendant Alvin Meisels**

## CERTIFICATION OF FILING AND SERVICE

I hereby certify that on the 1st day of June, 2015, a copy of the foregoing Letters Rogatory and this Certification of Filing was filed via Electronic Case Filing. Notice of this filing will be sent to all parties via the Court's Electronic Case Filing System.

_____
Kevin P. Roddy

#3951213.1(154173.002)