IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01012-RBJ-KLM

CGC HOLDING COMPANY, LLC, a Colorado limited liability company;
CRESCENT SOUND YACHT CLUB, LLC, a Florida limited liability company;
HARLEM ALGONQUIN LLC, an Illinois limited liability company; and
JAMES T. MEDICK; on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

SANDY HUTCHENS, a/k/a Fred Hayes, a/k/a Moishe Alexander, a/k/a Moshe Ben Avraham; *et al.*,

    Defendants.

## ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

The parties, having made an application for an order preliminarily approving the proposed settlement (the "Settlement") of claims asserted in the above-captioned action ("Action") against Broad & Cassel, Carl Romano and Ronald Gaché (collectively the "B&C Defendants") in accordance with the parties' Stipulation of Settlement, dated as of May 26, 2015 (the "Stipulation"), which (along with the defined terms therein) is incorporated here by reference and which sets forth the terms and conditions for conditional certification of a class, settlement of all claims against the B&C Defendants, and entry of final judgment with respect to the claims against the B&C Defendants; and the Court having read and considered the Stipulation and the accompanying documents,

IT IS HEREBY ORDERED that:

1. **Preliminary Approval.** The Court preliminarily approves the Stipulation and finds that the Settlement is sufficiently fair, reasonable, and adequate to warrant notice to the Settlement Class (defined in Paragraph 2, below).

2. **Conditional Class Certification.** For the purposes of settling the claims against the B&C Defendants only, and conditioned upon final approval of the Settlement, the Court finds that the claims against the B&C Defendants in this Action are proper for class certification pursuant to Federal Rule of Civil Procedure 23(b)(3). It therefore conditionally certifies the following Settlement Class:

> All persons and/or entities who, between January 1, 2004 and entry of judgment, were issued loan commitments for loans secured by property in the United States, or who were issued loan commitments while the borrower was residing or domiciled in the United States, by Canadian Funding Corporation, First Central Mortgage Funding Inc., 308 Elgin Street Inc., Northern Capital Investments Ltd., Great Eastern Investment Fund, LLC, or by any other entity controlled in whole or in part by Sandy Hutchens, using his own name or any assumed name, and who paid money to any Defendant, directly or indirectly, but which loan commitments were not funded. Excluded from the Class are Defendants, their legal representatives, heirs, successors or assigns, any entity in which any Defendant has or had a controlling interest, and any person otherwise included but who has released or waived all claims against all Defendants.

3. **Preliminary Approval of Class Representatives and Class Counsel.** The Court is satisfied that Plaintiffs have no apparent conflicts of interest, have retained adequate counsel, and, as such, will fairly and adequately represent the interests of the Settlement Class and hereby preliminarily appoints Atlas Cellars, LLC as Class Representative and the law firms of Wilentz, Goldman & Spitzer, P.A. and Shepherd, Finkelman, Miller & Shah, LLP as Class Counsel.

4.       **Notice to the Settlement Class.**  The Court finds that the content of the Notice of Pendency of Class Action and Hearing on Proposed Settlement with Broad & Cassel, Carl Romano and Ronald Gaché (the "Notice"), which is attached as Exhibit C to the Motion, and the manner of providing notice to members of the Settlement Class as set forth in the Motion and Stipulation, provides the best practicable notice to members of the Settlement Class and satisfies the requirements of Civil Rule 23(e)(1), due process, and any other applicable law.  The Notice shall be mailed first class postage prepaid by Plaintiffs at Plaintiffs' expense to members of the Settlement Class within fourteen (14) calendar days after the date of this Preliminary Approval Order.  The Notice shall be in a form and content substantially similar to Exhibit C to the Motion.  Not later than fourteen (14) calendar days before the Fairness Hearing, Plaintiffs shall file an appropriate affidavit showing compliance with the notice provisions of this Order.

5.       **Schedule for the Fairness Hearing.**  A Final Settlement Hearing ("Fairness Hearing"), as required by Civil Rule 23(e)(2) shall be held in this Court on **August 5, 2015 at 10:00 a.m.**, before the Honorable R. Brooke Jackson to consider and finally determine:

   a.       Whether the settlement set forth in the Stipulation should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class;

   b.       Whether an Order and Final Judgment should be entered as to the B&C Defendants dismissing the claims of Plaintiffs and members of the Settlement Class with prejudice and on the merits and with other provisions as set forth in the Stipulation; and

   c.       To rule upon such other matters as the Court may deem appropriate.

The Fairness Hearing may be postponed, adjourned, or continued by order of the Court.

6. **Procedures Concerning the Fairness Hearing**. Any member of the Settlement Class wishing to object to the Settlement must file with the Court and serve on the counsel identified in Paragraph 8, no later than fourteen (14) calendar days prior to the Fairness Hearing, notice of intent to appear and a written objection (including any documents and writings the Settlement Class member wants the Court to consider). The Settlement Class member must otherwise fully comply with all terms and procedures specified in the Notice. Any member of the Settlement Class who follows these procedures may appear at the Fairness Hearing in person or through counsel to show cause why the Settlement should not be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class members. Any Settlement Class member who does not object to the Settlement in the manner provided herein shall be deemed to have waived any such objection. Not later than seven (7) calendar days before the Fairness Hearing, either Plaintiffs or the B&C Defendants shall file papers in support of the Settlement.

7. **Service**. Notices and papers to be filed by members of the Settlement Class pursuant to Paragraph 7 shall be deemed to have been filed on the date they are hand delivered or postmarked, first class, postage prepaid, to:

> United States District Court
> Alfred A. Arraj United States Courthouse
> 901 19th Street, Room A-105
> Denver, Colorado 80294-3589

They shall be deemed served on Plaintiffs' Counsel on the date they are hand delivered or postmarked, first class, postage prepaid, to:

> Scott R. Shepherd
> Shepherd, Finkelman, Miller & Shah, LLP
> 35 East State Street
> Media, PA  19063

They shall be deemed served on the B&C Defendants' Counsel on the date they are hand delivered or postmarked, first class, postage prepaid, to:

>James D. Kilroy
>Snell & Wilmer
>1200 17th Street, Suite 1900
>Denver, CO 80202

8. **Exchange of Papers**. Plaintiffs' counsel, the B&C Defendants' counsel, and any other counsel acting on behalf of the proposed Settlement Class shall promptly furnish to each other copies of any objection that comes into such counsel's possession to the extent not served on both parties.

10. **Reversion.** In the event that the Court does not approve the Settlement or an Order and Final Judgment does not issue for any reason, then the Stipulation, all drafts, negotiations, discussions, and documentation relating thereto, and all orders entered by the Court in connection therewith relating to conditional class certification shall become null and void and shall not be used or referred to for any purpose in this Action or in any other proceeding. In such event, the Stipulation and all negotiations and proceedings relating thereto shall be withdrawn without prejudice to the rights of any of the parties thereto, who shall be restored to their respective positions as of April 15, 2015, the date on which the Settling Parties represent that they agreed on the basic terms of the Settlement.

DONE and ORDERED this 16th day of June, 2015.

BY THE COURT:

_(signature)_

Judge R. Brooke Jackson
United States District Court Judge