IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01012-RBJ-KLM

CGC HOLDING COMPANY, LLC, a Colorado limited liability company;
CRESCENT SOUND YACHT CLUB, LLC, a Florida limited liability company;
HARLEM ALGONQUIN LLC, an Illinois limited liability company; and
JAMES T. MEDICK, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

SANDY HUTCHENS, a/k/a Fred Hayes, a/k/a Moishe Alexander, a/k/a Moshe Ben Avraham, *et al.*,

    Defendants.

## ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

The parties, having made an application [ECF No. 566] for an order preliminarily approving the proposed settlement (the "Settlement") of claims asserted in the above-captioned action ("Action") against Defendant Alvin Meisels ("Meisels"), in accordance with the parties' Settlement Agreement, dated as of September 16, 2015 (the "Settlement Agreement"), which (along with the defined terms therein) is incorporated herein by reference and which sets forth the terms and conditions for settlement of all claims against Meisels, and entry of final judgment with respect to the claims against Meisels; and the Court, having read and considered the Settlement Agreement and the accompanying documents,

IT IS HEREBY ORDERED that:

1. **Preliminary Approval.** The Court preliminarily approves the Settlement and finds that the Settlement is sufficiently fair, reasonable, and adequate to warrant notice to the following Class, as defined in this Court's Order of March 4, 2013 (Dkt. No. 406):

> All US residents or domiciled entities (1) who were issued loan commitments between January 1, 2005, and April 7, 2013, (2) by Canadian Funding Corporation, First Central Mortgage Funding Inc., 308 Elgin Street, Inc., Northern Capital Investments Ltd., Great Eastern Investments, LLC, or by any other entity controlled by Sandy Hutchens, (3) whose loan commitments were not funded (4) but who paid money to any defendant (5) without having been informed that Moishe Alexander, Moshe Ben Avraham, Fred Haynes, Alexander MacDonald, Mathew Kovce, Fred Merchant, or other aliases, as the case might be, were names used by Sandy Hutchens, and that that individual had a criminal history including a conviction for fraud.

2. **Notice to the Class.** The Court finds that the content of the Notice of Pendency of Class Action and Hearing on Proposed Settlement with Defendant Alvin Meisels (the "Notice"), which is attached as Exhibit 3 to Lead Counsel's Declaration accompanying the Joint Motion, and the manner of providing notice to members of the Class as set forth in the Joint Motion and Stipulation, provides the best practicable notice to members of the Class and satisfies the requirements of Civil Rule 23(e)(1), due process, and any other applicable law. The Notice shall be mailed first class, postage prepaid, by Plaintiffs, at Plaintiffs' expense, to members of the Class within fourteen (14) calendar days after the date of this Preliminary Approval Order. The Notice shall be in a form and content substantially similar to Exhibit 3 to the Joint Motion. Not later than fourteen (14) calendar days before the Fairness Hearing, Plaintiffs shall file an appropriate affidavit showing compliance with the notice provisions of this Order.

3. **Schedule for the Fairness Hearing.** A Final Settlement Hearing ("Fairness Hearing"), as required by Civil Rule 23(e)(2), shall be held in this Court on **November 19, 2015 at 9:00 a.m.** before the Honorable R. Brooke Jackson to consider and finally determine:

a. Whether the Settlement set forth in the Stipulation should be approved as fair, reasonable, adequate, and in the best interests of the Class;

b. Whether an Order and Final Judgment should be entered dismissing the claims of Plaintiffs and members of the Class against Meisels with prejudice and on the merits and with other provisions as set forth in the Stipulation; and

c. To rule upon such other matters as the Court may deem appropriate.

The Fairness Hearing may be postponed, adjourned, or continued by order of the Court.

4. **Procedures Concerning the Fairness Hearing.** Any member of the Class wishing to object to the Settlement must file with the Court and serve on the counsel identified in Paragraph 5, no later than fourteen (14) calendar days prior to the Fairness Hearing, notice of intent to appear and a written objection (including any documents and writings the Class member wants the Court to consider). The Class member must otherwise fully comply with all terms and procedures specified in the Notice. Any member of the Class who follows these procedures may appear at the Fairness Hearing in person or through counsel to show cause why the Settlement should not be approved as fair, reasonable, adequate, and in the best interests of the Class members. Any Class member who does not object to the Settlement in the manner provided herein shall be deemed to have waived any such objection. Not later than seven (7) calendar days before the Fairness Hearing, either Plaintiffs or Meisels shall file papers in support of the Settlement.

5. **Service.**  Notices and papers to be filed by members of the Class pursuant to Paragraph 4 shall be deemed to have been filed on the date they are hand delivered or postmarked, first class, postage prepaid, to:

> United States District Court
> Alfred A. Arraj United States Courthouse
> 901 19th Street, Room A-105
> Denver, CO 80294-3589

They shall be deemed served on Plaintiffs' Counsel on the date they are hand delivered or postmarked, first class, postage prepaid, to:

> Scott R. Shepherd
> Shepherd, Finkelman, Miller & Shah, LLP
> 35 East State Street
> Media, PA  19063

They shall be deemed served on Meisels' Counsel on the date they are hand delivered or postmarked, first class, postage prepaid, to:

> John M. Palmeri
> Gordon & Rees
> 555 17th Street, Suite 3400
> Denver, CO  80202

6. **Exchange of Papers.**  Plaintiffs' counsel, Meisels' counsel, and any other counsel acting on behalf of the proposed Class shall promptly furnish to each other copies of any objection that comes into such counsel's possession to the extent not served on both parties.

7. **Reversion.**  In the event that the Court does not approve the Settlement or an Order and Final Judgment does not issue for any reason, then the Stipulation, all drafts, negotiations, discussions, and documentation relating thereto, and all Orders entered by the Court in connection therewith relating to the Settlement Class, shall become null and void and shall not be used or referred to for any purpose in this Action or in any other proceeding. In such event, the Stipulation and all negotiations and proceedings relating thereto shall be withdrawn

without prejudice to the rights of any of the parties thereto, who shall be restored to their respective positions as of July 29, 2015, the date on which the Settling Parties represent that they agreed on the basic terms of the Settlement.

DONE and ORDERED this 30th day of September, 2015.

BY THE COURT:

R. Brooke Jackson
United States District Court Judge