# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01012-RBJ-KLM

CGC HOLDING COMPANY, LLC, a Colorado limited liability company; CRESCENT SOUND YACHT CLUB, LLC, a Florida limited liability company; HARLEM ALGONQUIN LLC, an Illinois limited liability company; and JAMES T. MEDICK, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

SANDY HUTCHENS, a/k/a Fred Hayes, a/k/a Moishe Alexander, a/k/a Moshe Ben Avraham, et al.,

    Defendants.

_____

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
_____

    Plaintiffs CGC Holding Company, LLC, Crescent Sound Yacht Club, LLC, Harlem Algonquin LLC, and James T. Medick, and Defendant Alvin M. Meisels ("Meisels") (collectively "the Parties") moved the Court for an Order granting final approval of the proposed settlement ("Settlement") of the above-captioned litigation (the "Litigation") in accordance with the Stipulation and Settlement Between Class Plaintiffs and Others Similarly Situated and Alvin M. Meisels ("Settlement Agreement"), which sets forth the terms and conditions of the Settlement;

    On September 30, 2015, the Court entered an Order (the "Preliminary Approval Order") preliminarily approving the Settlement, directing notice to be provided to Class Members, and scheduling a hearing (the "Fairness Hearing") to consider whether to grant final approval of the Settlement and Class Counsel's motion for an award of attorneys' fees. In the Preliminary

Approval Order, the Court required any member of the Class wishing to object to the Settlement, or to exclude itself from the Settlement, to file with the Court and serve on counsel for the Class and Meisels their objections or exclusion by November 5, 2015.  No Class Member objected to the Settlement.   On November 19, 2015, the Court held the Fairness Hearing to determine, among other things, (i) whether the terms and conditions of the proposed settlement are fair, reasonable, and adequate and should therefore be approved; (ii) whether notice to the Class was implemented pursuant to the Preliminary Approval Order and constituted due and adequate notice to the Class in accordance with the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law; (iii) whether to enter final judgment dismissing the Litigation on the merits and with prejudice, and releasing all the Released Parties, including Meisels, as provided in the Settlement Agreement;  and (iv) whether and in what amount to award attorneys' fees and expenses to Class Counsel.  The Court received submissions and heard argument at the Fairness Hearing from Class Counsel and counsel for Meisels.

NOW, THEREFORE, based on the written submissions received before the Fairness Hearing, the arguments at the Fairness Hearing, and the other materials of record in this Litigation, it is hereby ORDERED, ADJUDICATED, AND DECREED that:

1. This Order incorporates by reference and makes a part hereof the Settlement Agreement in its entirety. The terms of the Settlement Agreement are fully incorporated in this Order and the Final Judgment ("the Judgment") as if set forth fully here. Terms not defined in this Order shall have the definitions given to them in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein.

2. The Court has jurisdiction over the subject matter of this Litigation and all Parties to the Litigation, including all Class Members and has jurisdiction to enter this Order and the Judgment.

3. The Court approves the settlement as set forth in the Settlement Agreement and finds that the settlement is in all respects fair, reasonable, adequate and just to the Class Members. The Court finds that the proposed Settlement resulted from serious, informed, non-collusive negotiations conducted at arm's length by the Parties and their counsel and was entered into in good faith. The terms of the Settlement Agreement do not have any material deficiencies and do not improperly grant preferential treatment to any individual Class Member. Accordingly, the proposed settlement as set forth in the Settlement Agreement is hereby fully and finally approved as fair, reasonable, and adequate, consistent and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Rules of the Court, and in the best interests of each of the Class Members.

4. Pursuant to Federal Rule of Civil Procedure 23, this Court on March 4, 2013 (Dkt. No. 406) certified the following Class ("Class"):

> All US residents or domiciled entities (1) who were issued loan commitments between January 1, 2005, and April 7, 2013, (2) by Canadian Funding Corporation, First Central Mortgage Funding Inc., 308 Elgin Street, Inc., Northern Capital Investments Ltd., Great Eastern Investments, LLC, or by any other entity controlled by Sandy Hutchens, (3) whose loan commitments were not funded (4) but who paid money to any defendant (5) without having been informed that Moishe Alexander, Moshe Ben Avraham, Fred Haynes, Alexander MacDonald, Mathew Kovce, Fred Merchant, or other aliases, as the case might be, were names used by Sandy Hutchens, and that that individual had a criminal history including a conviction for fraud.

5. In the Preliminary Approval Order, the Court directed that Class

Notice be given to Class Members pursuant to the notice program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-approved notice program, Class Counsel caused the Class Notice to be disseminated as ordered. The Class Notice advised Class Members of the terms of the Settlement; of the Final Approval Hearing, and their right to appear at such hearing; of their rights to remain in, or opt out of, the Class and to object to the Settlement; procedures for exercising such rights; and the binding effect of this Order and the Judgment, whether favorable or unfavorable, to the Class.

6. The distribution of the Class Notice constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. § 1715, and any other applicable law.

7. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and other interested persons, that the Settlement proposed by the Parties is fair, reasonable, and adequate. The terms and provisions of the Settlement Agreement are the product of lengthy, arms'-length negotiations conducted in good faith. Approval of the settlement will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice. In making these findings for settlement purposes, the Court has considered, among other things, (i) the Class Members' interest in individually controlling the prosecution of separate actions, (ii) the impracticability or inefficiency of prosecuting separate actions, (iii) the extent and nature of any litigation concerning these claims already commenced, and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

8. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Class Members are bound by this Final Judgment and Order of Dismissal and the incorporated Settlement

Agreement (collectively, the "Final Judgment and Order of Dismissal"), even if they have pending, or later initiate, any litigation, arbitration, or other proceeding against the Released Parties relating to the Released Claims.

9. The Final Judgment and Order of Dismissal, including the incorporated Settlement Agreement and anything in them, shall not act as or constitute: a) an admission by, or evidence against, any Party that any Party, or any of their respective past or present officers, directors, shareholders, agents, employees, independent contractors, agents, accountants, insurers or attorneys, committed any wrongful act, or violated or breached the terms of any agreement or duty owed, whether statutory or otherwise; b) an admission of, or evidence of, the validity of any claim or any fact alleged by Plaintiffs in this Litigation, Class Action, or in any other pending action; c) an admission by, or evidence against, any of the Plaintiffs, Settlement Class members or Plaintiffs' Counsel of the validity of any fact or defense asserted against them in the Litigation, Class Action or in any other action; d) an admission by, or evidence of, any presumption, concession, or admission by Meisels of the truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have been asserted in this action or of any liability, negligence, fault, wrongdoing, or any other theory of liability of Meisels; e) an admission by, or evidence of, any presumption, concession or admission by Plaintiffs or any Class Member of the lack of any liability, fault, wrongdoing, or any other theory of liability claimed by Plaintiffs or of any infirmity of the claims Plaintiffs had or could have asserted in this Class Action; or f) an admission or concession by, or evidence against, the Released Parties, Plaintiffs, or the Class Members or Meisels that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

10. The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Class. The efforts of Class Counsel have produced the Settlement Agreement, which was entered into in good faith, and which provides a fair, reasonable, adequate and certain result for the Class. Class Counsel has made application for an award of attorneys' fees and expenses in connection with the prosecution of the Litigation. The Court finds the fees requested by Class Counsel, totaling $250,000.00, to be fair, reasonable and justified attorneys' fees and expense awards under the circumstances. The Court hereby awards $250,000.00 as attorneys' fees, to be paid from the Settlement Fund. Class Counsel shall be responsible for distributing and allocating the attorneys' fees in their sole discretion.

11. **Releases.** The releases as set forth in Sections 9, 10, 11, and 12 of the Settlement Agreement, together with the respective definitions of Released Claims, Released Parties and Releasing Parties are expressly incorporated herein in all respects. As of the Effective Date, and without limiting or modifying the full language of the release provisions in the Settlement Agreement:

a. The Court hereby releases and dismisses with prejudice all claims against Meisels in the Litigation, with each party to bear their own attorneys' fees and costs, as set forth in the Settlement Agreement.

b. The Releasing Parties, including Plaintiffs and all Class Members, shall, as of the the date this Final Judgment and Order of Dismissal is entered, conclusively be deemed to have acknowledged that the Releasing Parties remise, release, acquit, satisfy and forever discharge the Released Parties of and from any and all, and all manner of, claims, actions, causes of action, suits, debts, sums of money, accounts, reckonings, contracts, controversies,

Stipulations, promises, damages, and demands whatsoever, in law or in equity, which any Plaintiff, Party, Releasor, or Class Member had or now have, or which any successor or assign of any Plaintiff, Party, Releasor, or Class Member, hereafter can, shall or may have, against any of the Released Parties for, upon, or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the date of this Order and Final Judgment, whether known or unknown, direct or indirect, vested or contingent, which may include claims, rights, demands, causes of action, liabilities, or suits that are not known or suspected to exist as of the the date this Order and Final Judgment is entered.  The Plaintiffs, Class Members and the Releasing Parties nonetheless release all such Released Claims against the Released Parties.

        c.      As of the Final Judgment and Order of Dismissal, the Plaintiffs and all Class Members shall be deemed to have waived any and all protections, rights and benefits of California Civil Code section 1542 and any comparable statutory or common law provision of any other jurisdiction.

        12.      **Permanent Injunction.**  The Court permanently bars and enjoins (i) all Releasing Parties – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of them – from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in the Litigation if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, that is based upon, arises out of, or relates to any Settled Claim, whether known or unknown, direct or indirect, vested or contingent, which may include claims, rights, demands, causes of action, liabilities, or suits that

are not known or suspected to exist as of the date of this Final Judgment and Order of Dismissal as to any Released Party, including any claim that is based upon, arises out of, or relates to the Litigation or the transactions and occurrences referred to in the Complaint, and (ii) all persons and entities from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action) or other proceeding on behalf of any Class Member as to the Released Parties, if such other lawsuit is based upon, arises out of, or relates to any Released Claims, including any Claim that is based upon, arises out of, or relates to the Litigation or the transactions and occurrences referred to in the Complaint.

13. **Complete Bar Order**.

a. The Court permanently bars and enjoins each of the Plaintiffs and all Class Members, and anyone purporting to represent or to pursue claims on behalf of any Class Member, from commencing, prosecuting, intervening in, or participating in any claims or causes of action relating to any Settled Claim, whether known or unknown, direct or indirect, vested or contingent, and may include claims, rights, demands, causes of action, liabilities, or suits that are not known or suspected to exist as of the date of this Final Judgment and Order of Dismissal against any Released Parties.

b. The Court further permanently bars and enjoins any and all persons and entities from commencing, prosecuting, or asserting any claim against any Released Parties arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including claims for breach of contract or in tort, where the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member in connection with the

Settled Claims, whether known or unknown, direct or indirect, vested or contingent. All such claims are hereby extinguished, discharged, satisfied, and unenforceable, subject to a hearing to be held by the Court, if necessary.

c. If any term of the Complete Bar Order entered by the Court is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Released Parties the fullest protection permitted by law from any Claim that is based upon, arises out of, or relates to any Released Claim. Notwithstanding the Complete Bar Order or anything else in the Settlement Agreement, nothing shall release, interfere with, limit, or bar the assertion by any Released Party of any claim for insurance coverage under any insurance, reinsurance, or indemnity policy that provides coverage respecting the conduct at issue in the Litigation. Without affecting the finality of this Order or the Judgment, the Court reserves continuing and exclusive jurisdiction over the implementation, administration and enforcement of this Order, the Judgment and the Settlement Agreement, and all matters ancillary thereto.

14. The Court finding that no reason exists for delay in ordering accompanying Judgment pursuant to Federal Rules of Civil Procedure, Rule 54(b), the clerk is hereby directed to enter the Judgment forthwith.

15. The Parties are hereby authorized without needing further approval from the Court, to agree to and adopt such modifications and expansions of the Settlement Agreement, which are consistent with this Order and the Judgment and do not limit the rights of Class Members under the Settlement Agreement.

16. All other relief not expressly granted to the Class Members is denied.

IT IS SO ORDERED.

DATED: November 23, 2015

_____
R. Brooke Jackson
United States District Court Judge