IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01012-RBJ-KLM

CGC HOLDING COMPANY, LLC, a Colorado limited liability company;
CRESCENT SOUND YACHT CLUB, LLC, a Florida limited liability company;
HARLEM ALGONQUIN LLC, an Illinois limited liability company; and
JAMES T. MEDICK; on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

SANDY HUTCHENS, a/k/a Fred Hayes, a/k/a Moishe Alexander, a/k/a Moshe Ben Avraham; et al.,

      Defendants.

_____

## ORDER
_____

**ENTERED BY UNITED STATES MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiffs' **Motion for an Order Compelling Discovery and Awarding Sanctions and Supporting Memorandum of Law** [#653][1] (the "Motion to Compel").  Plaintiffs also filed a Reply Brief in Further Support of Their Motion for an Order Compelling Discovery and Awarding Sanctions [#667], and Defendants untimely filed Hutchens' Response to Motion to Compel/Sanctions for Refusal to Answer GEIF-Related Questions [#669].  Also at issue is **Plaintiffs' Motion to Strike Hutchens' Response to Motion to Compel/Sanctions for Refusal to Answer GEIF-Related Questions** [#670] ( the "Motion to Strike").  The Court has reviewed the pleadings and the

_____

[1] [#653] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  The Court uses this convention throughout this Order.

case file and is fully advised in the premises.

IT IS HEREBY **ORDERED** that the Motion to Strike [#670] is **DENIED** for failure to comply with D.C.COLO.LCivR 7.1(a).   For the reasons set forth below, the Motion to Compel [#653] is **GRANTED**.

In brief, Plaintiffs assert that they should be permitted to reopen the deposition of Defendant Sandy Hutchens because he impermissibly refused to answer questions related to Great Eastern Investment Fund ("GEIF"), an entity which they assert was controlled by Mr. Hutchens and involved in the advance fee loan fraud alleged in this lawsuit.   *Motion to Compel* [#653] at 5-9.  They further assert that Defendants attempted to prevent them from getting information about GEIF because "Hutchens, through GEIF and under his 'Matthew Kovce' alias, continued to run his advance fee loan fraud scheme for years after this case was originally filed, even after Judge Jackson's March 4, 2013 ruling certifying the Class." *Reply* [#667] at 2-3.   For his part, Mr. Hutchens asserts that the Court previously excluded GEIF as a defendant in this lawsuit, and that Plaintiffs should not be permitted "to treat GEIF as a class defendant."   Defendants assert that Fed. R. Civ. P. 30(c)(2) permits an instruction not to answer a deposition question "to enforce a limitation ordered by the Court." *Response* [#669], at 2-3.[2]

The Court rejects Defendants' interpretation of the District Judge's Orders regarding GEIF.[3]   First, it is undisputed that the class as certified in this case includes "all US

---

[2] Although Defendant's Response [#669] was not timely filed, the Court considers it for the purpose of thoroughness.

[3] GEIF was apparently originally thought by Plaintiffs to be named "Great Eastern Investments, LLC."   The misnomer is immaterial to this dispute.

residents or domiciled entities (1) who were issued loan commitments between January 1, 2004 and April 7, 2013, (2) by . . . Great Eastern Investments, LLC, or by any other entity controlled by Sandy Hutchens . . . ."  *Order* [#406] at 22; *see also CGC Holding Co., LLC v. Broad & Cassel*, 773 F.3d 1076, 1087 (10th Cir. 2014).   In an Order entered on Defendants' Motion to Reconsider the class certification ruling, the Court made clear that although GEIF was not "being added as an additional defendant" in the case, Plaintiffs had alleged that GEIF "was simply another alias used in the course of the scheme" at issue, and "[w]hether that is so remains to be seen."  *Order* [#428] at 3.

In light of the explicit language of the District Judge's Orders, it is difficult to understand how Defendants could have interpreted them to preclude discovery into GEIF. Not only is GEIF one of the entities named as a lender in the class definition, but Defendants had to consciously ignore Judge Jackson's statement that "it remains to be seen" whether GEIF is another Hutchens alias to assert their argument.   Facts are determined in civil litigation through discovery, hence the way to learn whether GEIF is a Hutchens alias is through that process.  For this reason, Defendants' argument strikes the Court as disingenuous, at best.

Moreover, even though Judge Jackson expressly disallowed GEIF to be named as an additional defendant, such a "limitation" is not the type of discovery preclusion contemplated by  Fed. R. Civ. P. 30(c)(2).  First, that rule specifically refers to instructing a witness not to answer a question "to enforce a limitation ordered by the court."  By deciding that GEIF would not be named as an additional defendant in the case, the District Judge said nothing about whether information relating to GEIF was discoverable.  In other words, the "limitation" at issue was on the identity of parties to the case, not on discovery.

-3-

In fact, as pointed out above, the District Judge indicated that he did not intend to limit discovery by saying that information about the connection between GEIF and Mr. Hutchens would eventually come to light.   The only way that could happen is through discovery. Second, the "limitation" referred to in Rule 30(c)(2) is generally construed to mean a limitation *on evidence directed by the court*.   8A Charles Alan Wright and Arthur R. Miller, Federal Practice & Procedure § 2116.   Nothing in the District Judge's ruling limits evidence related to GEIF.   Indeed, inclusion of GEIF as a lender in the class definition compels the opposite conclusion; i.e., that evidence relating to GEIF is relevant and discoverable.

Finally, it has long been established that instructing a witness not to answer a deposition question on the grounds of relevance is simply not permitted.   *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995) ("It is inappropriate to instruct a witness not to answer a [deposition] question on the basis of relevance").   Fed. R. Civ. P. 30(d) permits imposition of a sanction "– including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes . . . the fair examination of a deponent." In addition, when a Motion to Compel is granted, the court "must" require the wrongdoer to "pay the movant's reasonable expenses in making the motion, including attorneys' fees." Fed. R. Civ. P. 37(5)(A). Accordingly,

IT IS HEREBY **ORDERED** as follows:

1.      Plaintiffs' Motion to Compel [#653] is **GRANTED.**  Plaintiffs are permitted to reopen the deposition of Defendant Sandy Hutchens a/k/a Moishe Alexander for no longer than ninety (90) minutes to seek information relating to GEIF and Matthew Kovce.  **Plaintiffs are <u>not</u> <u>limited</u> to asking only those questions which Mr. Hutchens refused to answer at his deposition on March 1-2, 2016**. The deposition shall be conducted on a date and at a time and place mutually agreeable to counsel and the parties, but **no later than May 20, 2016.**  If *any* dispute arises during the deposition which counsel

cannot resolve, they shall immediately telephone the undersigned at 303-335-2770 for a ruling.

2.    As a sanction for impeding the fair examination of the deponent under Fed. R. Civ. P. 30(d), Defendant Sandy Hutchens, a/k/a Moishe Alexander, and Steven A. Klenda, attorney for Defendants, shall pay Plaintiffs' counsel's costs and attorney's fees incurred in reopening the deposition, including: (1) travel expenses for one attorney; (2) court reporter fees; and (3) one attorney's fees including travel time.  Plaintiffs' counsel shall submit an invoice attaching original expense receipts and including an itemization of attorney time and hourly rate to Defendants within seven (7) business days following completion of Mr. Hutchens' deposition. The invoice shall be paid within ten (10) business days.

3.    On or before **May 13, 2016,** Plaintiffs' counsel shall file an Affidavit of attorneys' fees and costs incurred in filing the Motion to Compel [#653], pursuant to D.C.COLO.LCivR 54.3.  Defendants may file a Response on or before **May 20, 2016.  No reply will be permitted.  Failure to comply with D.C.COLO.LCivR 54.3 shall result in denial of the request for costs and attorneys' fees.**


Dated:  April 28, 2016                    BY THE COURT:

                                          Kristen L.  Mix
                                          United States Magistrate Judge