UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 11-CV-001012

**CGC HOLDING COMPANY, LLC**, a Colorado limited liability company;
**HARLEM ALGONQUIN LLC**, an Illinois limited liability company; and
**JAMES T. MEDICK**; on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

**SANDY HUTCHENS**, a/k/a Fred Hayes, a/k/a Moishe Alexander, a/k/a Moshe Ben Avraham; *et al.*,

Defendants.

---

**PLAINTIFFS' AND CLASS MEMBERS' MOTION TO AMEND OR SUPPLEMENT JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)(2) AGAINST DEFENDANTS SANDY HUTCHENS, TANYA HUTCHENS, AND JENNIFER HUTCHENS**

---

Plaintiffs, CGC Holding Company, LLC; Harlem Algonquin LLC; and James Medick, and Class Members (collectively, "Plaintiffs"), by and through their undersigned Co-Lead Counsel, hereby file their Motion to Amend or Supplement Judgment Pursuant to Fed. R. Civ. P. 60(b)(2) against Defendants, Sandy Hutchens, Tanya Hutchens and Jennifer Hutchens (collectively, the "Defendants" or the "Hutchens Defendants"), and amend or supplement the Amended and Final Judgment entered by this Court on December 18, 2017 [DE 891], to permit enforcement against any properties, accounts, entities and/or other assets owned or controlled by them, whether located in the United States, in Canada, or elsewhere. This motion is supported by the Declarations of Kevin P. Roddy and Cole S.C. Vegso and their accompanying exhibits.

#9800522.8

I.   **PRELIMINARY STATEMENT**

Before this Court is a simple and straightforward request by Plaintiffs to clarify the Amended and Final Judgment entered in this class action (the "Amended Judgment") [DE 891], in order to identify certain properties located in the Province of Ontario, Canada (collectively, the "Hutchens Properties"), by simply adding to the Amended Judgment their proper municipal addresses and legal descriptions. The necessity of these changes has been recognized through the notation of certain information in the Amended Judgment by the Superior Court of Justice in Ontario which could potentially prevent the Amended Judgment from being domesticated and fully enforceable in Canada. Without such proposed amendment, Plaintiffs may be unable to satisfy this Court's Amended Judgment. It would be extremely unjust if Plaintiffs and Class Members were unable to recover upon the Amended Judgment due to the absence of language identifying property and property interests with requisite particularity, and would most certainly.

II.   **L.CIV.R. 7.1(A) CERTIFICATION**

In accordance with L.Civ.R.7.1(a), prior to filing this motion, on March 30, 2018, Co-Lead Counsel for Plaintiffs communicated via e-mail with Steven A. Klenda, counsel for the Hutchens Defendants. Mr. Klenda has not responded to Co-Lead Counsel's inquiry regarding Mr. Klenda's consent to the relief sought.

III.   **STATEMENT OF THE CASE**

This class action was commenced through the filing of Plaintiffs' Complaint in April 2011. [DE 1] In their Amended Complaint, which was filed in February 2012, Plaintiffs requested that this Court enter a mandatory injunction "imposing a constructive trust on the assets of Defendants Sandy Hutchens, Tanya Hutchens, [and] Jennifer Hutchens … and in any

#9800522.8

accounts or entities controlled by them, including but not limited to the Transferee Accounts, ordering said Defendants to turnover such assets to Plaintiffs and [the] members of the Class." [DE 175 at 45-46]

Paragraph 31 of the Amended Complaint alleged that Sandy Hutchens and/or Tanya Hutchens own or control a number of Ontario corporations and limited liability companies, as well as properties and/or accounts under fictitious names,[1] including:

- 1681071 Ontario Inc.
- Northern Capital Investments Ltd.
- The Estate of Judith Hutchens
- 29 Laren Street Inc.
- 3415 Errington Avenue Inc.
- 367-369 Howey Drive Inc.
- 3419 Errington Avenue Inc.
- 17 Serpentine Street Inc.
- 720 Cambrian Heights Inc.
- 331 Regent Street Inc.
- 789 Lawson Street Inc.
- 110-114 Pine Street Inc.
- 15-16 Keziah Court Inc.
- 193 Mountain Street Inc.

---

[1] In the Amended Complaint, these entities were collectively referred to as the "Transferee Accounts." [DE 175, ¶¶ 31, 32(a)-(d), 33(a)-(m) & 34(a)-(d)] During the trial of this class action in May 2017, these entities, as well as other properties acquired by the Hutchens Defendants, were referred to as the "Hutchens Properties." [DE 840-2 (Slide 36 of Plaintiffs' Opening Statement)]

3

#9800522.8

- 625 Ash Street Inc.

- 364 Morris Street Inc.

- Santan Property Management Inc.

- 101 Service Road Inc.

- 146 Whittaker Street Inc.

- 1697030 Ontario Inc.

- JBD Hutchens Family Holdings Inc.

- JBD Holdings

- 1539006 Ontario Inc.

The Hutchens Properties include the Hutchens Family's principal residence located at 33 Theodore Place, Thornhill, Ontario, Canada, and a lakefront cottage located at 1779 Cross Street, Innisfil, Ontario, Canada.

According to the "Separation Agreement" which was negotiated by and between Sandy and Tanya Hutchens in 2010 and which was executed in January 2011, on the eve of this litigation,[2] the properties which they acquired and/or maintained prior to and during the Class

---

[2] According to evidence presented at trial, in March 2010, attorney Alvin Meisels warned Sandy Hutchens that U.S. class action litigation brought by aggrieved borrowers could be expected at any time. [Trial Ex. No. 148 (e-mail letter from Alvin Meisels to "Moishe Alexander" dated March 23, 2010)] Thereafter, Sandy Hutchens and Tanya Hutchens began negotiating their "Separation Agreement," pursuant to which the former supposedly owed the latter millions of dollars. The evidence presented at trial also revealed that even though Sandy Hutchens is supposedly millions of dollars in arrears to Tanya Hutchens, who bragged from the witness stand about her vast experience and renown as a paralegal, she has never attempted to enforce his financial obligations under that "Settlement Agreement" in court. The evidence also indicated that Sandy Hutchens received millions of dollars in borrower fees when he was posing as "Matthew Kovce" and operating Great Eastern Investment Fund Ltd. during 2011-2014 – even while this class action was pending. Sandy Hutchens also admitted during cross-examination that he has posed as "Ed Ryan" and has been involved in the operation of another "lending" entity called "Westmoreland Equity." Defrauded borrowers who dealt with "Ed Ryan" and paid millions of dollars in advance fees to "Westmoreland Equity" have already filed

4

#9800522.8

Period (January 2005-April 2013) had a "Market Value" exceeding $16 million. [Trial Ex. No. 221, Schedule A] During the trial testimony of Martin Lapedus, the former accountant for the Hutchens Defendants, Morry Posner, their current accountant, and Tanya Hutchens, Plaintiffs demonstrated that, during the Class Period, millions of dollars in "shareholder advances" were diverted to and/or misappropriated by Sandy Hutchens to himself, his wife, his wife's mother, his minor children, and to the "Hutchens Properties."

This evidence, together with other evidence presented at the trial of this class action, clearly demonstrates that, during the Class Period, the Hutchens Defendants carried out an advance fee fraud in an elaborate bogus financing scam which victimized at least 124 borrowers in the United States, defrauding them of the sum of $8,421,367. [DE 831 (Jury Verdict)] The jury unanimously found that, by operating an advance fee fraud, the Hutchens Defendants violated Section 1962(c) and Section 1962(d) of RICO, 18 U.S.C. § 1962(c)-(d), and awarded the aforesaid amount as compensatory damages. Pursuant to Section 1964(c) of RICO, 18 U.S.C. § 1964(c), an award of treble damages is mandatory and, accordingly, on May 19, 2017, Plaintiffs requested that this Court enter a partial judgment awarding RICO treble damages based upon the jury verdict. [DE 834 & 836]

Evidence presented at trial further demonstrated that during the Class Period, Plaintiffs paid $8,421,367 in advance fees to the "Hutchens Entities" known as 308 Elgin Street Inc., Canadian Funding Corporation, First Central Mortgage Funding Corporation, Northern Capital Investments, Ltd., and Great Eastern Investment Fund, LLC. It was conceded by Defendants

---

multiple lawsuits in the United States, including *Campanile Inv. LLC v. Westmoreland Equity Fund LLC,* Case No. 17-0337-FB-ESC (W.D. Tex.); *Stevens v. Westmoreland Equity Fund LLC,* Case No. 18-0692-PD (E.D. Pa.); and *U.S. RE Cos. v. Feldman,* Case No. 18-0005-CA (11th Judicial Circuit, Miami-Dade County, Fla.).

#9800522.8

that the Hutchens Entities formed an association-in-fact RICO "enterprise." During his sworn testimony, Sandy Hutchens also conceded that he owned, operated, and managed the Hutchens Entities during the Class Period. In its unanimous verdict, the jury found that the Hutchens Defendants conducted the affairs of that RICO enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c), and conspired to do so, in violation of 18 U.S.C. § 1962(d).

As this Court found in denying the Hutchens Defendants' Rule 50 motion for judgment as a matter of law, which was argued at the close of Plaintiffs' case-in-chief, Plaintiffs' RICO claims satisfied the "person"/ "enterprise" distinction imposed under Section 1962(c). Plaintiffs asserted, and proved, that Sandy Hutchens, Tanya Hutchens, and Jennifer Hutchens were each a "person," as that term is defined in the RICO statute. As set forth above, the Hutchens Entities formed an association-in-fact "enterprise." The parties stipulated that the Hutchens Properties were neither liable "person[s]" nor members of the RICO "enterprise." On this basis alone, this Court entered an Order dismissing any *legal* claims which may have been asserted against the Hutchens Properties in the Amended Complaint. [DE 832] Neither the parties' stipulation nor this Court's Order, however, immunizes the Hutchens Properties, the persons and entities which own or control them and/or the millions of dollars ill-gotten gains that were diverted to them from the *equitable* remedy of a constructive trust. *Lyons v. Jefferson Bank & Trust,* 793 F. Supp. 981, 986 (D. Colo. 1992) (noting that "[l]egal title notwithstanding, the very function of a constructive trust is to pierce the 'legal' façade to do equity under the circumstances"), *aff'd in part, rev'd in part on other grounds,* 994 F.2d 716 (10th Cir. 1993).

Evidence presented at trial demonstrated that Sandy Hutchens and/or Tanya Hutchens acquired, owned and/or controlled the Hutchens Properties. The testimony of Martin Lapedus

6

(the Hutchens Defendants' former accountant), Morry Posner (their current accountant), Sandy Hutchens, and Tanya Hutchens which included, but was not limited to, testimony regarding the financial statements for several of the Hutchens Entities, demonstrated that borrowers' fees flowed through the Hutchens Entities and were distributed as "shareholders' advances" and/or "advances [to] affiliated companies" to Sandy Hutchens and Tanya Hutchens, their minor children, Tanya Hutchens' mother, and to the Hutchens Properties.

The Hutchens Defendants converted to their own use millions of dollars in loan fees paid by Plaintiffs and members of the Class. The jury verdict established the fact that they received that money from Plaintiffs under circumstances that make it unjust for them to retain the benefits of that money. The jury verdict requires that the Hutchens Defendants – whether directly or through one or all of their control of any entity – are involuntary trustees to the extent that any misappropriated property remains in their hands or can be traced to them, and that they hold that property in constructive trust for the benefit of Plaintiffs.

Under federal law and/or Colorado law, Plaintiffs are entitled to the imposition of a constructive trust on all monies necessary to satisfy the full amount which Defendants are required to pay as the result of the trial of this matter including, but not limited to, properties which they purchased and/or maintained during and since the Class Period.

Defendant Sandy Hutchens is a career criminal who has used aliases to hide his criminal past and to commit additional frauds. Defendant Jennifer Hutchens has used aliases to conceal her identity. Defendant Tanya Hutchens is an admitted forger. A unanimous jury found that all three Defendants were liable for violations of Section 1962(c) and Section 1962(d) of RICO. All three Defendants used bank accounts and shell companies to hide the true location of Plaintiffs' funds.

#9800522.8

A Partial Judgment was entered against the Hutchens Defendants, jointly and severally, on September 26, 2017. [DE 860] On December 18, 2017, that Partial Judgment was superseded by this Court's Amended Judgment. [DE 891] The Amended Judgment was entered by this Court after the filing of Plaintiffs' and Class Members' Supplemental Submissions of Evidence Concerning This Court's Ruling on Post-Trial Motions, which evidenced Plaintiffs' claim for an expanded constructive trust [DE 861], and this Court issued Rulings on Additional Post-Trial Motions. [DE 890]

On page 17 of its Rulings on Additional Post-Trial Motions, this Court stated: "The Court used the best identifier available to it to describe the properties subject to the constructive trust. If that was the identification of the entity that owns the property, the trust nevertheless binds the actual property." [DE 890 at 17]

On October 25, 2017, Plaintiffs served Rule 69 post-judgment discovery requests on the Hutchens Defendants. In the written Responses that she served on December 17, 2017, Tanya Hutchens admitted that as to each of the properties subject to the constructive trust entered by this Court, the street address of the real property corresponds to the name of the entity that owns it. Declaration of Kevin P. Roddy, Ex. A (Tanya Hutchens' Response to Plaintiffs' Interrogatory No. 14) (attached hereto).

As set forth below, given the facts and circumstances of this case, it is respectfully submitted that this Court should exercise its equitable powers and amend or supplement the Amended Judgment so that Plaintiffs may efficiently seek its enforcement from the Hutchens Defendants in Ontario, and the Hutchens Properties which are to be held in trust for the benefit of Plaintiffs.

#9800522.8

## IV. ARGUMENT

### A. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(2) permits courts to grant relief from a prior order or judgment if the moving party presents "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Rule 60(b) gives the court a "grand reservoir of equitable power to do justice in a particular case" and "the rule should be liberally construed when substantial justice will thus be served." *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722 (10th Cir. 1975). Relief under Rule 60 can be granted in exceptional circumstances, and "[t]he party seeking relief may show such exceptional circumstances by demonstrating one of the grounds set forth in the rule, such as . . . newly discovered evidence." *Figueroa v. Am. Bankers Ins. Co. of Florida*, No. 06–cv–00926–MSK–MJW, 2007 WL 678621, *2 (D. Colo. Feb. 28, 2007).

To be eligible for relief under Rule 60(b)(2), the moving party must show: (1) the evidence was newly discovered since the trial; (2) the moving party was reasonably diligent in discovering the new evidence; (3) the newly discovered evidence is material; (4) the newly discovered evidence is not merely cumulative or impeaching; and (5) the newly discovered evidence would probably produce a different result. *See Zurich North America v. Matrix Service, Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005).

A court also may grant a Rule 60 motion for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Courts hold a "grand reservoir of equitable power to do justice in a particular case," and Rule 60(b)(6) "should be liberally construed when substantial justice will thus be served." *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). Relief under Rule 60(b)(6) is appropriate when compelling circumstances exist or when it "offends justice" to deny relief in a particular case. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996)

#9800522.8

(citation omitted). Such relief is warranted when an opposing party's actions have "unfairly hindered" a movant's ability to present its claims. *See Murray v. Cars Collision Ctr. of Colo., LLC*, No. 04-CV-01456-EWN-CBS, 2007 WL 685843, *8 (D. Colo. Feb. 2, 2007).

**B.   THIS COURT SHOULD GRANT PLAINTIFFS' MOTION TO AMEND OR SUPPLEMENT BASED UPON NEWLY-DISCOVERED, MATERIAL EVIDENCE WHICH WOULD MOST LIKELY PRODUCE A DIFFERENT RESULT IN THIS CASE**

Plaintiffs seek to amend or supplement the Amended Judgment in order to identify the Hutchens Properties by their municipal addresses and proper legal descriptions, rather than by just their corporate names. It is respectfully submitted that the Court should grant Plaintiffs' motion because all of the prongs of the newly discovered evidence test have been met.

**i.   The evidence is newly discovered since trial**

Under Rule 60(b)(2), the moving party must first show that the evidence was newly discovered since the trial. In the instant matter, this test has been met. The necessity of providing the municipal addresses and proper legal descriptions of the Hutchens Properties, as required by the Ontario Court, was only ascertained during a December 5, 2017, court appearance before Madam Justice Leitch of the Superior Court of Justice in Ontario. This Court would have had no reason to anticipate the Ontario Court's requirement that the municipal addresses, rather than entity names, should be included in the Amended Judgment.

**ii.   Plaintiff has been reasonably diligent in discovering the new evidence**

Rule 60(b)(2) next requires that the moving party was reasonably diligent in discovering the new evidence. Here, Plaintiffs retained Canadian counsel prior to the entry of the Amended Judgment, and have made all efforts to facilitate the domestication of the Amended Judgment in Ontario throughout this proceeding; however, Plaintiffs could not have anticipated that Madam Justice Leitch would require specific language regarding the property descriptions. In addition,

10

based upon our Ontario co-counsel's recent communications with the Hutchens Defendants' Ontario counsel, we have grave concerns that the domestication and enforcement of this Court's Amended Judgment in Ontario may be frustrated by the assertion of hyper-technical objections and other actions that are only intended to obstruct the administration of justice.

> iii. **The newly discovered evidence is material, as a failure to amend or supplement the Amended Judgment may result in the inability of Plaintiffs to pursue the Hutchens Properties**

The third requirement of Rule 60(b)(2) is that the newly discovered evidence is material. Here, in order to satisfy the $25 million Amended Judgment, Plaintiffs will need to seize and liquidate the Hutchens Properties. If Plaintiffs are unable to accomplish such property sales, they will have no other means to satisfy the Amended Judgment. Even though they are still incomplete, the written responses to Plaintiffs' post-judgment discovery requests served by Sandy Hutchens and Tanya Hutchens assert that they are impecunious, that all of the Hutchens Properties are held in trust for the benefit of their adolescent children, et cetera ad nauseum. A failure to amend or supplement the Amended Judgment may result in the inability of Plaintiffs to obtain title to the Hutchens Properties in order to facilitate sale(s). Accordingly, the newly discovered evidence is material.

> iv. **The newly discovered evidence is not merely cumulative or impeaching**

Under Rule 60(b)(2), the moving party must next show that the newly discovered evidence is not merely cumulative or impeaching. Here, the apparent importance of the distinction between the municipal addresses of the Hutchens Properties and their actual entity name(s) was not realized prior to the December 5, 2017 court appearance in Ontario and our Ontario co-counsel's subsequent communications with the Hutchens Defendants' Ontario

11

counsel. Further, the newly discovered evidence is not impeaching because it does nothing to discredit the Hutchens Defendants.

### v. The newly discovered evidence would probably produce a different result

The final requirement of Rule 60(b)(2) is that the newly discovered evidence would probably produce a different result. Here, Madam Justice Leitch of the Superior Court of Justice in Ontario would most likely permit Plaintiffs to domesticate and enforce the Amended Judgment, using the proceeds from the Hutchens Properties, once the proposed Amended Judgment has been entered (subject to any valid domestication and enforcement arguments that the Defendants may raise). Without this relief, Plaintiffs may be severely prejudiced in their collection efforts and would suffer acute financial hardship. It would be extremely harsh and unfair if Plaintiffs were unable to recover upon the Amended Judgment due to the language of the Amended Judgment, and would most certainly not promote the interests of justice.

#9800522.8

## CONCLUSION

For the reasons set forth herein, it is respectfully requested that this Court grant the within motion and amend or supplement the Amended Judgment in order to provide all information required by the Superior Court of Justice in Ontario.

DATED: April 11, 2018

                        WILENTZ, GOLDMAN & SPITZER, P.A.

                        By____*Kevin P. Roddy*_____
                            KEVIN P. RODDY
                            90 Woodbridge Center Drive, Suite 900
                            Woodbridge, NJ  07095
                            Telephone:  (732) 636-8000
                            E-mail:  kroddy@wilentz.com

                        SHEPHERD FINKELMAN MILLER & SHAH LLP

                        By____*Scott R. Shepherd*_____
                            SCOTT R. SHEPHERD
                            35 East State Street
                            Media, PA  19063
                            Telephone:  (610) 891-9880
                            E-mail:  sshepherd@sfmslaw.com

                        **Co-Lead Counsel for Plaintiffs and the Class**

#9800522.8